CHAMPION *v.* WILLIAMS.

*(Supreme Court, General Term, Third Department.*  February 18, 1891.)

EXECUTORS—ALLOWANCE OF CLAIM OF WIDOW—PAYMENT OF DEBTS.

Testator bequeathed his personal estate to his wife for life, in lieu of dower.  By a subsequent clause of his will he directed his executor to sell so much of said estate as should be necessary to pay debts and legacies.  Testator's widow paid his debts, and preferred an account therefor, which was resisted by the executor and disallowed by a referee, on the ground that she had taken possession of and enjoyed personal property of the testator much in excess of her claim in value.  Other assets in the executor's hands were more than sufficient to pay testator's debts and legacies.  *Held* that, there being no occasion for the executor to take possession of any of the property in the possession of the widow, she was entitled to the use of it under the will, and that the same should not be set off against her claim.

Appeal from judgment on report of referee.

Submission of claim of Margaret Champion against Elam Williams, as executor of Ezra Champion, deceased, to the determination of a referee, under Laws N. Y. 1859, c. 261, § 2.  The claimant appeals from an order of the special term, confirming a report of the referee appointed with the approval of the surrogate to hear and determine the claim of the plaintiff, and also from the order denying plaintiff's motion to set said report aside.  The plaintiff was the widow of the testator.  She presented two claims against the estate, one for $488.25, being for cash, which she had delivered to the testator to deposit in her name in the savings-bank, but which he deposited in his own name.  The referee allowed this claim.  The other claim was for $381.39, and was for sundry items of expenditure which the plaintiff had paid since the death of the testator.  Of these items $163 was for undertaker's and funeral expenses, including $13 for a head-stone at the testator's grave.  Other items, amounting to $55, were payments made by her of the bills of the physicians who had attended the testator.  The remaining items were mainly for expenses in carrying on business after the testator's death.  No part of the second bill was allowed.  The referee found that the plaintiff had taken possession of $72 of the plaintiff's money; that she retained possession of his farming tools and stock, worth $493, and that from a month before testator's death, in July, 1887, until December following, she had carried on the manufacture of pill boxes, in which her husband, the testator, had been engaged, and in so doing had appropriated the tools, materials, manufactured stock, and proceeds of such business to the value and amount of $967.79, and that therefore she was not entitled to any recovery against the defendant, and he directed judgment dismissing the claim.  Other facts appear in the opinion.

Argued before LANDON and MAYHAM, JJ.

*Eugene Burlingame,* for appellant.  *Herrick & Delehanty,* (*John A. Delehanty,* of counsel,) for respondent.

LANDON, J.  We think the plaintiff was entitled to recover for the amount of the savings-bank deposit.  The facts were not in dispute, and the referee found them in her favor.  No offset or defense was established.  Her payments of the several accounts set forth in her second bill were probably made from the money and proceeds of the property of her husband's estate, and this bill was therefore properly disallowed.  The referee erred in establishing claims against her as for the conversion of the personal property upon the testator's farm and the personal property and accounts connected with the pill-box manufactory, for the reason that under her husband's will she was rightfully in the possession of the property, and the executor had not shown any right to deprive her of that possession.  The testator, by his will, gave his gold watch to his daughter, and money legacies, amounting to $600, to other legatees, and then provided: "*Fifth.* I give, devise, and bequeath

all the rest, residue, and remainder of all my estate, both real and personal, to my wife, Margaret Champion, to be used and enjoyed by her during the term of her natural life, and to be taken and accepted by her in lieu of dower; and from and immediately after her decease I give and devise the same to my daughter Eugenia. *Sixth.* I hereby empower the executor of my said will, if necessary, to sell so much of the personal estate as will satisfy the special legacies and debts that may be against my said estate." It does not appear that there were any debts other than those paid by the plaintiff, and the one for which she seeks recovery in this proceeding, and the evidence tends to show affirmatively that there were none other. It appears that the executor has made an inventory showing cash assets, other than any of the items here in controversy, more than sufficient to pay all the money legacies and expenses of administration, and he offers no evidence to show any lack of assets in his hands for the purpose. It follows, therefore, that the property in the plaintiff's possession is part of that rest and residue which the testator devised and bequeathed to her, "to be used and enjoyed by her during her natural life." The executor urges that the personal property should be sold and the proceeds invested, the income to be paid to the plaintiff for life and the principal to the daughter upon the plaintiff's death. But the testator himself placed a limit both upon the power of the executor to sell, and also upon the amount he might sell, by the words: "I hereby empower the executor of my said estate, if necessary, to sell so much of the personal estate as will satisfy the special legacies and debts." If there is no necessity, there is no power; if the power should come into existence, then its limit is fixed. The testator qualified his otherwise absolute devise and bequest of the residue of his estate to the plaintiff by the words "to be used and enjoyed by her during her natural life." Of course, what remains after the payment of the debts, legacies, and expenses of administration forms the residue. Since the sale must be restricted to the satisfaction of these three items, it follows that no part of the residue can be sold. This intent of the testator harmonizes with the situation. He gave his widow real estate and personal property adapted for use and enjoyment together, as he himself had used the two kinds of property. Naturally he did not wish any more of the one kind to be separated from the other than necessity would require. Where the will indicates the manner in which the personal property is to be used and enjoyed by the life-tenant, the law will not prescribe a different manner. The defense rests upon the executor's supposed right to take possession of all the personal property and sell it. He can, under the peculiar language of this will, only take what is necessary; and since he has not shown the necessity he has not shown that the plaintiff violates his right by using and enjoying what her husband bequeathed her. Besides, he has made no demand, proper or otherwise, for any of this property.

The order confirming the referee's report should be reversed, and the motion to set it aside granted, with costs of this appeal to the plaintiff against the executor, as such, and a new trial granted, referee discharged, costs to abide the event.