of a series of elevated platforms directly connected with the mill. Ordinarily prudent insurance, based upon the proposition that the property insured must have a clear space of 100 feet between wood-working establishments, could not accept such a risk, and we must assume that this defendant was contracting upon a business basis, and having in view the risks which he was assuming in making the contract. As was said in the case of Harris v. Tumbridge, 83 N. Y., at page 100, Judge Finch, delivering the opinion of the court:

"That contracts for the use of a 'straddle,' in a manner different from that contemplated by the agreement of these parties, were more or less common, was wholly immaterial; and a custom or usage which binds the parties to a contract does so only upon the principle either that they have knowledge of its existence, or that it is so general that they must be supposed to have contracted with reference to it."

The order granting new trial should be affirmed, with costs. All concur.

---

## In re TALMAGE.

(Supreme Court, Appellate Division, Second Department. June 28, 1898.)

1. WILLS—BEQUESTS—REPUGNANCY.
    A bequest to a testator's sister, "which shall be equally divided between her son and daughter at her death," clearly expresses the intention that the principal should, upon the sister's death, be divided between the children, and the gift to them is not repugnant to the life bequest to her.

2. LIFE TENANT—IMPROPER INVESTMENT OF FUNDS — RIGHTS OF REMAINDER-MAN.
    If a legacy is given to one for life and to another after her death, the assent of the life tenant to its improper investment in the business of the executor is not binding upon the ultimate beneficiary.

Appeal from surrogate's court, Queens county.

In the matter of the accounting of Daniel Talmage, executor of the last will and testament of Catherine Elizabeth Swan. From a decree directing the executor to pay a legacy, he appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

Hector M. Hitchings, for appellant.
Arthur Van Dewater, for respondents.

CULLEN, J. The following is the bequest in the will of the testator:

"First. I do give and bequeath unto my sister, Eleanor Day Rapelye, the sum of two thousand dollars, which shall be equally divided between her son and daughter at her death; also all my wearing apparel not otherwise specified; also all the goods and chattels in her possession belonging to me, not otherwise disposed of."

At the time of the death of the testator some of her moneys were on deposit with the firm of Dan Talmage's Sons, of which firm the appellant executor was a member. The executor did not withdraw the funds from the firm, but during the lifetime of Mrs. Rapelye paid her interest on the amount of her legacy. The firm of Dan Talmage's Sons failed. After the death of Mrs. Rapelye, her two children, the

respondents, instituted a proceeding to compel the appellant to pay over to them the principal of the legacy above mentioned. This proceeding was turned into a final accounting of the executor. The surrogate directed the payment of the legacy, and imposed on the appellant the costs of the proceeding. From that decree this appeal is taken.

We think there can be no reasonable doubt as to the construction of the bequest quoted. The general rule is, as claimed by the appellant, that "where there is an absolute gift of real or personal property, in order to qualify it or cut it down the latter part of the will should show an equally clear intention to do so by the use of words definite in their meaning, and by expressions which must be regarded as imperative." Here the words used are entirely definite in their meaning, and express the intention too clearly to admit of mistake that the principal should, on the death of Mrs. Rapelye, be divided between her children. There is no repugnance between the provisions for Mrs. Rapelye and her children. It is plain that the gift to the former is for life. To the latter is given the remainder upon the death of the life tenant. There is a clear distinction between the case of Roseboom v. Roseboom, 81 N. Y. 356, and the one before us. In the Roseboom Case there was a gift to the wife of one-third of the testator's property, real and personal, and a direction that upon her death all the testator's property should be equally divided between his children. The court construed the expression "all my property" as meaning "all my other property," thus excepting from the direction the one-third of the property devised to the wife. But in this case there is no room for limitation. The respondents must take the whole fund upon the death of their mother, or we must reject entirely the direction of the will that the fund shall be divided between them. This we cannot do. If we assume that Mrs. Rapelye assented to the investment of the legacy by loaning it to or depositing it with the firm, it would not relieve the appellant from liability. As Mrs. Rapelye was only a life tenant, she was not entitled to possession of the fund without giving security. Livingston v. Murray, 68 N. Y. 485; In re McDougall, 141 N. Y. 21, 35 N. E. 961. Her assent to the investment could therefore only affect her own interest in the legacy, not that of the remainder-men. The decree of the surrogate on the merits of the controversy was correct.

We think the surrogate erred in allowing costs to the respondent Isaac A. Rapelye, the husband of the deceased life tenant. He had no interest in the fund, and so the surrogate properly held. Therefore he should not have been allowed costs.

Decree modified by striking therefrom the award of costs to the respondent Isaac A. Rapelye, and, as modified, affirmed, without costs to either party. All concur.