---

(73 App. Div. 325.)

### In re BUSHNELL'S ESTATE.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

**1.** APPEAL—QUESTIONS NOT RAISED BELOW.

An objection, made for the first time on an appeal from an order of the surrogate determining certain corporate stock of a deceased nonresident, held by him without the state, to be subject to the transfer tax, that the corporation was not shown to be a domestic one, is too late.

**2. TRANSFER TAX—CAPITAL STOCK—NONRESIDENT.**

> The capital stock of a domestic corporation is subject to the transfer tax, even though the owner be a nonresident, and the stock be in his possession without the state at the time of his death.

**3. SAME—INTEREST OF REMAINDER-MAN.**

> Where corporate stock is devised to one for life, with power to invest and reinvest the same, and with remainder to another, the remainder-man takes a vested, indefeasible interest therein, which is subject to the transfer tax; and this whether or not the life tenant is entitled to the possession of the corpus; there being no presumption that she will waste or unlawfully use the same, and the surrogate having authority to require security before turning it over to her.

**4. SAME—LIFE TENANT—RIGHT TO OBJECT.**

> Where property is devised to one for life, with remainder to another, the former cannot complain that the principal, to the use of which he is entitled during life, is diminished by the transfer tax on the interest of the remainder-man.

**5. SAME—PERSONAL LIABILITY OF DEVISEE—PAYMENT FROM DEVISED PROPERTY.**

> Under Transfer Tax Law, § 222, providing that the tax shall be a lien on the property transferred until paid, and that the executor shall be personally liable therefor; and section 224, enacting that every executor shall have power to sell so much of the property of decedent as will enable him to pay the tax,—a transferee of the property is not liable personally beyond the amount coming into his hands.

> McLaughlin, J., dissenting.

Appeal from order of surrogate, New York county.

Proceeding to assess the transfer tax against the estate of Frances L. Bushnell, deceased. From an order determining the cash value of the interest of Emily Cheney Learned as a beneficiary under the will of deceased, and determining and assessing the tax thereon, the executrices of the will and Emily Cheney Learned appeal. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

E. H. Benn, for appellants.
Samuel Herman, for respondent.

LAUGHLIN, J. The property upon which the tax has been imposed consists of 80 shares of the stock of the National Bank of Commerce, in the city of New York, and 50 shares of stock of the Delaware & Hudson Canal Company. The material provisions of the will are as follows:

"(1) I give to my mother, Mary A. Bushnell, the use for her life of all my property, with power to reinvest the same. (2) After her use of my property shall have ceased, I leave it all, excepting my personal effects, to my niece, Emily Cheney, * * * to be hers and her heirs forever."

The mother of the testatrix is still alive, and the niece, Mary Cheney, now Mary Cheney Learned, has not yet come into possession of the property. The testatrix resided and died in Connecticut, and her will was there admitted to probate. The executrices both reside there, also, and the certificates of stock were in the possession of the testatrix without the state at the time of her death.

The appellants ask for a reversal of the order upon the ground that there is no proof that the Delaware & Hudson Canal Com-

pany is a domestic corporation. They do not contend that it is not a domestic corporation, but merely that the people failed to show the fact. The main contentions of the appellants here are that the beneficiary against whose interest the tax has been imposed has no vested interest in the property, and may never have, for the reason that the corpus may be used or lost by the life tenant, and that the property is not within this state. This objection does not appear to have been taken before the appraiser or the surrogate, and we think it is fair, therefore, to infer that it was assumed upon the hearing before the appraiser and before the surrogate that that corporation was organized under the laws of the state of New York, and that the objections filed by the appellants against the pro forma order of the surrogate, from which they took an appeal to him, to the effect that he had no jurisdiction over the appellants or property, relate to the main questions which are urged upon this appeal, and not to the fact that it was not shown that this was a domestic corporation. It is too late to take the objection in this court. For these reasons, we think the appellants are not in a position to avail themselves of that objection now; but, if there were any question about the fact, they would be afforded relief by reversal or otherwise.

It is settled by authority that the capital stock of a domestic corporation is subject to taxation in this state under the transfer tax law, even though the owner be a nonresident, and the stock be in his possession without the state at the time of his death. In re Bronson's Estate, 150 N. Y. 1, 44 N. E. 707, 34 L. R. A. 238, 55 Am. St. Rep. 632; In re Fitch's Estate, 160 N. Y. 87, 54 N. E. 701.

Ordinarily a life estate in personalty not specifically bequeathed does not entitle the life tenant, as a matter of right, to the possession; and the executors must exercise ordinary prudence in determining whether they will turn over the corpus upon a mere receipt acknowledging the interest of the remainder-man, or whether they will require security, or retain the fund and pay over the income. Redf. Law & Prac. Sur. (5th Ed.) p. 618; In re McDougall, 141 N. Y. 21, 35 N. E. 961; In re Talmage, 32 App. Div. 10, 52 N. Y. Supp. 710, affirmed in 160 N. Y. 704, 57 N. E. 1125; In re Ungrich, 48 App. Div. 594, 62 N. Y. Supp. 975, affirmed in 166 N. Y. 618, 59 N. E. 1131; In re Roffo, 51 App. Div. 35, 64 N. Y. Supp. 455. It may be that the life tenant in this case is entitled to the possession of the stock, or the proceeds thereof, inasmuch as she is authorized to invest or reinvest the same, but she would not be authorized to use any part of the corpus of the estate. In re McDougall, supra; In re Roffo, supra; In re Ungrich, supra; In re Talmage, supra. But whether the life tenant would be entitled to the possession of the property or not, there is no presumption that she will unlawfully use or waste the corpus of the estate, which it is her duty to preserve for the benefit of the remainder-man. If she be entitled to possession, and the nature of the property or the circumstances or her financial condition are such as to render it proper that she should give security that she will preserve the principal, the surrogate is authorized to require such security

before the executors would be required to turn the property over to her. In re Roffo, supra; In re Ungrich, supra.

Emily Cheney Learned took a vested, indefeasible interest in this property at the time of the death of the testatrix. There has therefore been a transfer to her within the contemplation of the transfer tax law, and the interest thus transferred was then taxable. In re Dows' Estate, 167 N. Y. 227, 60 N. E. 439, 52 L. R. A. 433.

Both the life tenant and remainder-man took their respective interests in the property as a matter of sovereign favor. Neither is the life tenant in a position to complain that the principal of which she is entitled to the use is diminished by the tax, nor can the remainder-man resist the imposition of the tax upon the ground that he may never come into possession of the property. The law affords remedies to protect the rights of remainder-men. The theory of the statute is that the tax is to be paid by the executors out of the property transferred (Transfer Tax Law, §§ 222, 224), and the statute would not be construed as making the transferee liable personally beyond the amount of the property coming into his hands.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur, except McLAUGHLIN, J., who dissents.