## In the Matter of the Estate of JULIA M. C. CROFTS, Deceased.

Surrogate's Court, Herkimer County, January, 1924.

Wills — construction — when testamentary intention deemed to give estate for life to sister, then to niece with remainder to heirs of said niece.

An aunt of the testatrix herein by her will made in 1894 devised to her sister the undivided one-half of certain real estate to have and to hold the same during her life and at her death the same to go to her niece, the testatrix herein, to whom she devised the remaining one-half of said real estate. The aunt's will also gave to her said sister and to said niece, share and share alike, the avails of two life insurance policies which at the death of said sister and said niece was to go to the heirs of said niece, her two sons. Held, that by the following clause of her will: " I give and bequeath all the rest and remainder of my real and personal estate, to my sister * * * ; the same at her death to my niece * * * and at her death to her heirs," it was the aunt's testamentary intention to and she did devise and bequeath all the remainder of her estate to her sister for life, then to her niece for life and then to the heirs of said niece.

Subject, therefore, to deductions for the funeral expenses, debts and expenses of administration of the estate of the aunt, because the money used therefor was taken from rents which belonged to her niece as life tenant, the sons of said niece were entitled to the remainder of the aunt's estate in equal shares.

PROCEEDING to construe a will.

C. J. Palmer, for executor.

Bronner & Ward, for John L. Crofts and Gladys Crofts.

Harry A. DeCoster, special guardian for Mary E. Crofts and Elinor Crofts, minors.

BELL, S. Dr. John P. Sharer was a prominent physician and surgeon, residing and practicing his profession in Little Falls, Herkimer county, for many years. Margaret Caldwell and Julia Caldwell, his sisters-in-law, resided with him. He died at Little Falls January 8, 1899, leaving a will which was probated in this court May 8, 1899. In his will after giving to his sister, Margaret R. Sharer, the avails of two life insurance policies on his life and eighty acres of land situated in the state of Illinois, he gave all of the rest, residue and remainder of his real and personal property to said Margaret Caldwell. He then owned 25 shares of the capital stock of the National Herkimer County Bank and 100 shares of stock of the Missouri Pacific Railroad Company, which he gave to said Margaret Caldwell by said will.

Margaret Caldwell died November 10, 1899, leaving a will dated May 26, 1894, and which was probated in this court on July 30, 1900.   Julia M. C. Crofts, a niece of said Margaret Caldwell, had two sons, Dr. John L. Crofts and Frederick S. Crofts, at the time said will was made and who were her only heirs at the time of her death.

By the will of said Margaret Caldwell she, *first*, directed the payment of debts and funeral expenses, the erection of a suitable monument, if not erected before her death.   *Second,* she gave to her sister, Julia A. Caldwell, the undivided one-half of the lot and building situated on the corner of Ann and East Mill streets in Little Falls, to have and to hold the same during her life, and at her death the same to go to her niece, Julia M. C. Crofts; the remaining undivided one-half of said lot and building she gave to said Julia M. C. Crofts.   *Third,* she gave to her said sister and said niece the avails of two life insurance policies on the life of her brother-in-law, John P. Sharer, share and share alike, and at the death of her said sister and said niece the avails of said policies to go to said John L. Crofts and Frederick S. Crofts.   The 4th paragraph or clause is as follows:   " I give and bequeath all the rest and remainder of my real and personal estate of whatever name and nature, to my sister Julia A. Caldwell; the same at her death to my niece, Julia M. C. Crofts and at her death to her heirs."

I am satisfied and decide that it was the intention of said Margaret Caldwell by said 4th paragraph of said will to, and she did, bequeath and devise all the rest and remainder of her personal and real property to her sister, Julia A. Caldwell, for life and then to Julia M. C. Crofts for life, and then to the heirs of Julia M. C. Crofts, who were and are said Dr. John L. Crofts and Frederick S. Crofts.

Mr. Alexander in his Commentaries on Wills (Vol. 2, § 972) says:   " The general rule may be said to be that where an estate is given to A. in language which would convey the fee simple, but is followed by a provision that at his death the property shall vest in another, the estate to A. will be construed to be a life estate only."

Schouler on Wills, Executors and Administrators (Vol. 2 [6th ed.], § 1236) is as follows:   " The addition of a gift over on death will usually be taken to mean that the first beneficiary has only a life estate."

Page on Wills (§ 574) is as follows:   " Since a will is to be construed as a whole, and effect given to every part of it where possible, and in case of irreconcilable conflict the last clause is to prevail, it follows that it is possible, by subsequent words in a will,

Surrogate's Court, Herkimer County, January, 1924.      [Vol. 122

to reduce a fee previously given to a life estate. Thus, a provision ' I devise and bequeath to my wife certain property; at her death it goes to her daughter,' shows that testator's wife is to receive only a life estate."

In *Matter of Talmadge*, 32 App. Div. 10, 11; affd., 160 N. Y. 704, the will was as follows: " I do give and bequeath unto my sister, Elinor Day Rapelye, the sum of two thousand dollars, which shall be equally divided between her son and daughter at her death." Held, that the sister took only a life estate, and the children the remainder upon the sister's death.

The rest and remainder of the estate of Margaret Caldwell consisted of said twenty-five' shares of the capital stock of the National Herkimer County Bank, which was sold for $7,000; one hundred shares of the Missouri Pacific Railroad Company's stock, which was of the value or sold for $6,000; lot No. 49, on John street, in Little Falls, known as the Sharer homestead, sold for $12,000; an undivided one-half interest in lots Nos. 51 and 52, at the corner of John and East Main streets, in the city of Little Falls, of the value and sold for $5,000, making $30,000. From this should be deducted the funeral expenses and expenses of administration and debts of said Margaret Caldwell, amounting to, as shown by the account and vouchers, $390.38, and the commissions on the sale of the real estate, amounting to $493.90, making $884.18, which leaves $29,115.82, of which Dr. John L. Crofts is entitled to one-half, to wit, $14,557.91, and Frederick S. Crofts the other half, to wit, $14,557.91.

The money used to pay said funeral expenses, debts and expenses of administration was taken from rents which belonged to the life tenant; hence I have deducted them as above. There were items of taxes, insurance and repairs, which the life tenant was required to pay, and which were rightfully taken out of rents.

Decreed accordingly.