In the Matter of the Estate of WILLIAM H. POTTER, Deceased.

Surrogate's Court, Oneida County, October 19, 1928.

*R. D. Woolsey*, for Chloe Potter Weisenbacher.

*Joseph J. Wallace*, for Ray A. Potter.

EVANS, S. The last will and testament of this testator was admitted to probate on July 24, 1925.

The executors have filed their account and also petition for a construction of certain provisions of the will. Apparently the testator drew his own will and the language used appears to create some confusion in respect to his testamentary intent. The legal effect of some provisions is also sought to be determined.

The 1st paragraph directs the payment of just debts and funeral expenses.

The 2d paragraph reads as follows: " I give to my wife, Chloe Champlin Potter, the use and income of all my real and personal

property whatever that may be at the time of my death and as much of the principal as is necessary for her support and maintenance and comfort including her mother's support during her lifetime."

The meaning of the word "lifetime" is a matter of disagreement. The point involved is whether "lifetime" refers to the widow of the testator or to her mother. The intent and general scope of the will show a desire on the part of the testator to provide for the comfort of his widow. She is not restricted to the use of income alone and is authorized to invade the principal if necessary. The testator evidently desired to enable his widow to care for her mother and added that expense as one of the purposes to which the income and principal might be subjected. It seems natural and logical to believe that the testator assumed that his widow would survive her mother and that the word "lifetime" refers to the lifetime of the widow, and not to her mother.

The primary purpose of the testator was to care for his widow and her mother's support was incidental. To hold that the life use was based on the duration of the mother's life instead of the widow's would in my opinion be contrary to the plain intent of the testator.

The 3d paragraph provides for the erection of a headstone at the grave of the testator's father after the death or remarriage of testator's widow provided there remained sufficient property for that purpose. The widow having remarried and there being funds for that purpose the headstone mentioned should be purchased and placed as directed in the will.

The 4th paragraph provides that $100 be paid to the Boonville Cemetery Association for perpetual care of two designated lots and to provide a marker at the testator's grave.

The account shows a payment of $50 for a marker but no payment of $100 for care of lots.

This must be done and should have been included in the account.

A paragraph follows the last mentioned provision as follows: " I give my executor, Ray A. Potter, the right to collect any claim, assign or transfer real estate and to do any business I might do if living without giving bonds."

Following this paragraph the testator filled out the printed form by appointing Ray A. Potter and his widow, Chloe Champlin Potter, executors.

This will is silent as to residuary legatees and no disposition is made of any possible principal remaining after the expiration of the life use of Chloe Champlin Potter.

The estate is small and it was the evident expectation of the

testator that little or nothing would remain after the life use of his widow. This doubt is apparent in the 3d paragraph of the will where he directs the purchase of a headstone at his father's grave "if there should be enough left." It is a well-settled rule that, in construing wills, courts seek if possible to avoid intestacy and to find a means of disposing of the entire estate. In the case under consideration I am of the opinion that the language used by the testator did not amount to a gift to his widow of the real and personal property.

A gift of the income of personal property without mentioning the principal is equivalent to a general gift of the property itself. (*Hatch* v. *Bassett*, 52 N. Y. 359.)

This rule is held to apply only where there is no limitation of time attached to the gift. (*Matter of Smith*, 131 N. Y. 239.)

The limitation of time in the case at bar is the lifetime of the testator's widow and, therefore, no gift of the principal.

I think, therefore, that the testator died intestate as to any real or personal property that may remain after the termination of the life use of the widow.

The reference in the will to certain powers conferred on Mr. Potter, one of the executors, added nothing to his authority except the right to sell real property. Executors as a matter of law must necessarily transact any business in connection with the administration of the estate. There is no trust created and the real and personal property should now be turned over to the possession of the widow without bond. The right of a life tenant to the possession of the principal depends largely on the intent of the testator. In some cases the corpus is held by the executors and the income paid over to the life tenant, and in others possession is given to the life tenant on giving security. (*Smith* v. *Van Ostrand*, 64 N. Y. 278; *Tyson* v. *Blake*, 22 id. 558; *Matter of Ungrich*, 48 App. Div. 594.)

The right to exact security is not absolute. There must be some facts alleged and proved tending to show the property would be unsafe and insecure in the hands of the tenant for life. (*Matter of Camp*, 126 N. Y. 377; *Matter of Ungrich*, 48 App. Div. 594.)

In the case at bar the testator gave to his widow a wide latitude in providing for her own and her mother's support. There is authority to expend the principal and no gift over. It was not his intent that income or principal in this small estate should be doled out to his widow by another. His heirs at law and next of kin are collateral relatives and not mentioned in the will. The executors should complete their duties at once by paying for perpetual care of lots in the Boonville Cemetery and also cause to be erected a headstone at the grave of the testator's father as directed in the will. Decreed accordingly.