In the Matter of the Estate of C. DeLancey Murray, Deceased.

Surrogate's Court, Chenango County, June 12, 1940.

*David F. Lee,* for Gladys Murray Swan, as executrix, etc., petitioner.

*Angell & Fitzgerald,* for the respondents.

BROWN, S.   In this proceeding, petitioner seeks a construction of the last will and testament of C. DeLancey Murray, whose death occurred November 4, 1928.   In a will dated September 14, 1910, testator disposed of an estate consisting wholly of personal property of the value value of approximately $20,000.   The disposal clauses of his will are as follows: "*Second.* I give and bequeath to my wife Libbie M. C. Murray the use of all my property both real and personal to have and to hold for her sole use and benefit during her natural life," and " *Thirdly.* At the death of my wife Libbie M. C. Murray I give and bequeath to my Daughter Gladys Murray Swan, the use of all my property both real and personal to have and to hold for her sole use and benefit during her natural life and to her children at her death."   At the time of his death testator was sixty-seven years of age.   His wife predeceased him.

Petitioner contends that the testator, in the third paragraph of the will, intended to bequeath her a life estate in the property of which he died seized with the right to dispose of same in her lifetime, and the portion, if any, remaining at her death would go to her children.   The respondents, who are petitioner's children, take the position that the will gives to their mother the use only during her lifetime with the remainder over to them and that she has no authority to invade the principal.

There is no ambiguity in the language used by testator in making provision for his daughter.   He gives to her the use of all of his

property during her lifetime, the property on her death to pass to her children. Here was a gift, not of the property itself but of the use of it, limited by her life, with a gift over of the principal. In providing for the daughter; testator used the same phraseology as employed in making provision for his wife, excepting he disposed of the corpus at the death of his daughter. That he intended his wife should enjoy the income only from the property, with no right to use any part of the principal, is clearly apparent, for, at her death, he gave the use of the same property to the daughter during her lifetime and made a final disposition of the principal to his grandchildren.

The decedent had been a country storekeeper in a small hamlet and, by perseverance and thrift, had accumulated upwards of $20,000 in a small business venture. I think we may rightly assume that, during his lifetime, he had lived in a frugal manner and within his means, and it is quite probable that he considered the income from his estate at the interest rate then prevailing would be sufficient to enable his wife to maintain herself comfortably and according to her former station in life and, at her death, the income from his estate, supplemented by the support provided by her husband, would provide ample funds for his daughter's comfort and enjoyment.

A gift of income from any personal property, the enjoyment of which is not measured by any definite period of time and with no gift over and no final disposition of the principal, has been held to be equivalent to a gift of the corpus. (*Hatch* v. *Bassett*, 52 N. Y. 359; *Cammann* v. *Bailey*, 210 id. 19; *Matter of Allen*, 111 Misc. 93; *Matter of Dickinson*, 128 id. 909.) These decisions are not applicable to the instant case. The gift to testator's daughter of " the use of all my property both real and personal to have and to hold for her sole use and benefit during her natural life and to her children at her death " creates a limitation as to the duration of the gift to the daughter and also disposes of the property itself, from which such income is to be derived, at her death. The daughter is entitled to a life estate only in the property. (*Matter of Smith*, 131 N. Y. 239; *Matter of Allen, supra; Matter of Potter*, 133 Misc. 17; *Matter of Frayer*, 155 id. 811; *Matter of Filsinger*, 157 id. 427.)

The words " to have and to hold for her sole use and benefit " did not enlarge her interest in the estate created in the will for her benefit. (*Matter of Wells*, 113 N. Y. 396.)

An examination of the cases cited by counsel for petitioner discloses that the language used in the provisions of the will passed on in each case differed materially from that used and under discussion here. In *Kendall* v. *Case* (84 Hun, 124) the testator gave

to his wife the " control, use and incomes " of all of his property for her benefit so long as she lived and, after her death, " if any of said real or personal property is left," a disposal of the same was made. In *Baumgras* v. *Baumgras* (5 Misc. 8) the language used clearly showed an intention that the wife might use the entire property. The will under consideration in *Matter of Cager* (111 N. Y. 343) gave all of testator's property to his wife for her use and enjoyment and " at her disposal during the term of her natural life," making final disposition of whatever remained after her death. In the will under consideration in *Wells* v. *Seeley* (47 Hun, 109) the wife was given the use of the property during her lifetime, and at her death whatever remained was bequeathed to other persons. In *Swarthout* v. *Ranier* (143 N. Y. 499) the gift to the wife was expressed as follows: " to have and to hold for her comfort and support all of the above-named property if she needs the same during her natural lifetime, if she should outlive me." This was followed by a request for the payment to a legatee named of a specific amount " if there is enough of my property left at the death of my wife." This clearly indicated an intention on the part of the testator that the wife might use the entire estate. The provision in the will under consideration in *Vincent* v. *Rix* (248 N. Y. 76) does not differ materially from the provision in the case last above mentioned. In the foregoing cases final disposition of the property related only to so much thereof as remained after the wife had had the benefit of same during her lifetime.

I construe the provision of the will in question as showing an intention on the part of the testator to give to his daughter the use of his property during her lifetime and, at her death, the corpus to his grandchildren. Decree to that effect may be entered.