## *In re* BENEDICT'S WILL.

### *In re* GRANT.

#### (*Supreme Court, General Term, Fifth Department.* October 23, 1891.)

WILLS—CONSTRUCTION—CUSTODY OF ESTATE.

    A will gave to testator's widow the right to the rents and profits of the estate for life, and provided that, if the rents and profits should be insufficient, the prin cipal might be used for the widow's support. No trustee was appointed during the life-time of the widow. *Held,* that the widow was to decide how much she would require for her support, and she was entitled to the possession of the *corpus* of the estate.

Appeal from surrogate's court, Steuben county.

Proceeding for the judicial settlement of the account of Benjamin F. Grant, as executor of the will of James Benedict, deceased. From the decree rendered therein the legatees appeal. Modified.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*J. O. Sebring,* for appellants. *J. F. Parkhurst,* for respondent.

LEWIS, J. We think the learned surrogate gave the correct construction to the clause of the will providing for the testator's widow. It gives her the right to possess and enjoy the rents and profits of the entire estate during her natural life, and it further provides that if the use and profits are not sufficient for her support a sale thereof may be made for her support. The remainder over, after the decease of his wife, he gives to his children and grandchildren, and appoints his wife one of the executors of the will. No trustee of the fund is provided for during the life-time of the wife. Who but the widow is to determine how much she may need for her support? and if she is to decide, she must necessarily have possession of the *corpus* of the estate. *Smith* v. *Van Ostrand,* 64 N. Y. 278; *Flanagan* v. *Flanagan,* 8 Abb. N. C. 413; *In re Woods,* 35 Hun, 60; *Thomas* v. *Wolford,* (Sup.) 1 N. Y. Supp. 610.

This disposes of the question as to the money used by the widow for her support, including the amount invested in the purchase of the house and lot; for, if she was entitled to the possession of the funds of the estate for her support, she was given the power to decide as to the propriety of the purchase of a dwelling-house to reside in. It appears from the case that the house and lot she purchased were, after her death, sold pursuant to judgment in an action of partition, and the proceeds divided among the testator's heirs, including the contestants, (appellants.) The judgment was a sufficient voucher, and the amount thereof was properly allowed. The evidence of the indebtedness of the estate of Luther A. Wing is not very satisfactory. There is, however, some evidence tending to show that the testator was at the time of

his death indebted to Wing for money paid. Mrs. Benedict recognized the indebtedness, and we think she was justified in so doing; and, being entitled to the possession of the funds of the estate, it was not proper to charge the executor with the amount paid to Wing. The items of Crook and Meserve for tombstone, $50, and expenses, $100, should have been disallowed upon the evidence before him. The case contains no evidence showing that they were paid by the executor. Vouchers for these items were not produced, nor was the evidence required by the Code given. The surrogate unintentionally omitted in his decree for distribution the name of the appellant D. Burton Benedict. In the early part of the trial before the surrogate, it appeared that Harris S. Benedict left but four children. It subsequently appeared that he left five; the fifth one, not first mentioned, being D. Burton Benedict. The decree appealed from should be set aside, and the proceeding remitted to the surrogate's court of Steuben county, to the end that the executor may furnish proof of the $50 and $100 items, and that the decree may be amended by providing that the amount to be distributed to the heirs of Harris S. Benedict be divided equally among his five heirs, instead of four, as stated in the decree. No costs of the appeal are allowed. All concur.