Derastus Swarthout et al., Respondents, *v.* William F. Ranier, Appellant.

S. died, leaving a widow and brothers and sisters surviving, but no descendants; by his will he gave all of his property to his wife, "to have and to hold for her comfort and support * * * if she need the same during her natural life." In a subsequent provision he gave to a church society $1,000 after the death of his wife, if there should be enough of the property left at that time. The widow re-married and executed to her husband a mortgage on the real estate of which S. died seized. She thereafter died. In an action brought by the heirs at law of S. to have the mortgage declared fraudulent and void and to have it canceled of record as a cloud on plaintiff's title, *held*, that the widow took under the will a life estate with power also to take and convert to her own use so much of the *corpus* of the estate as she should need for her comfort and support; that instead of selling she had the right to mortgage for the purposes specified, and the presumption would be that the mortgage was executed for such a purpose; that, therefore, the mortgage was not void upon its face and could be enforced by the mortgagee without the disclosure of extrinsic facts rendering it invalid, and the burden of showing these was upon those assailing it; and so, that the jurisdiction of a court of equity was properly invoked to cancel the apparent cloud upon the title.

Reported below, 67 Hun, 241.

(Argued October 3, 1894; decided November 27, 1894.)

Appeal from order of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 7, 1893, which reversed a judgment in favor of defendant entered upon a decision of the court dismissing the complaint on trial at Special Term and ordered a new trial.

This action was brought to have a mortgage executed by Ann E. Swarthout Ranier to the defendant, her husband, declared fraudulent and void and canceled of record as a cloud on the title to certain lands.

The facts, so far as material, are stated in the opinion.

*James S. Havens* for appellant. The complaint was properly dismissed as not stating a cause of action, and because on

its face it showed that the action cannot be maintained.
(*Eaton* v. *Wells*, 82 N. Y. 576; *Moores* v. *Townsend*, 102 id.
387; *Marsh* v. *City of Brooklyn*, 59 id. 280; *Guest* v. *City
of Brooklyn*, 69 id. 506; *Ward* v. *Dewey*, 16 id. 519; *Hatch*
v. *City of Buffalo*, 38 id. 276; *Washburn* v. *Burnham*, 63
id. 132.) If the mortgagor, Ann E. Ranier, took only a life
estate in the real property under the will of her first husband,
Darius Swarthout, then this action cannot be maintained.
(*Ward* v. *Dewey*, 16 N. Y. 579; *Scott* v. *Onderdonk*, 14 id. 9;
*Hotchkiss* v. *Elting*, 36 Barb. 38.) If, however, the mort-
gagor, Ann E. Ranier, took such an estate in the lands in
question under the Swarthout will that she might mortgage
them during her life for her comfort and support, still this
action cannot be maintained. (*Marsh* v. *City of Brooklyn*,
59 N. Y. 280; *Washburn* v. *Burnham*, 63 id. 132; *Rath-
bone* v. *Hooney*, 58 id. 467; *Ward* v. *Dewey*, 16 id. 519; *R. P.
Co.* v. *O'Dougherty*, 81 id. 474; Code Civ. Pro. §§ 870, 886.)
The estate of the mortgagor in the lands left her under the
Swarthout will was not a life estate, or a mere right to use the
property for a limited purpose during her life. She took a
fee subject only to the legacy of the church, and even that
legacy she had the right to consume for her comfort and support
during her life, if she needed the same. (*Schult* v. *Moll*, 132
N. Y. 122; *Vernon* v. *Vernon*, 53 id. 351, 361; *Lyman* v.
*Lyman*, 22 Hun, 261, 263; 2 Redf. on Wills, 442.) The bur-
den is upon the heirs at law to convince the court that the
qualifying clause "to have and to hold for her comfort and
support," applies to the whole property devised by the will,
and not to the gift to the church alone. (*Phillips* v. *Davies*,
92 N. Y. 199; *Vernon* v. *Vernon*, 53 id. 357.) If, however,
it be conceded that that the clause "to have," etc., does apply
to all the property left by the testator to his wife, even then
the will, taken together, confers upon her a fee charged only
with the legacy of $1,000 to the church. (*Smith* v. *Van
Ostrand*, 64 N. Y. 278; *Thomas* v. *Pardee*, 12 Hun, 151;
4 Kent's Com. 536; *Jennings* v. *Cornboy*, 73 N. Y. 230.)

*M. J. Sunderlin* for respondent. The complaint sets out a full and complete cause of action, and it was error for the trial court to dismiss the same without awarding to the plaintiffs an opportunity to establish the allegations thereof by satisfactory proof. (*Smith* v. *Van Ostrand,* 64 N. Y. 280; *Smith* v. *Reid,* 13 id. 568.) Upon the allegations of facts appearing in the complaint, which must be deemed to have been admitted by the motion to dismiss to be true, a case for the equitable intervention of the court was clearly presented. (*Carpenter* v. *Carpenter,* 40 Hun, 263; *N. Y. & N. H. R. R. Co.* v. *Cross,* 17 N. Y. 592; *Wood* v. *Seeley,* 32 id. 105; *Townsend* v. *Mayor, etc.,* 77 id. 542; *Schroeder* v. *Goundrey,* 73 id. 435; *Field* v. *Holbrook,* 14 Hun, 106; *Miner* v. *Beekman,* 50 N. Y. 337; *Smith* v. *Town,* 47 N. Y. S. R. 665; *Cook* v. *Andrews,* 40 N. Y. 547; *Schroner* v. *Lissaner,* 107 id. 111; *Smith* v. *Reid,* 48 N. Y. S. R. 162; 134 N. Y. 568, 578.) By the will of the testator, his widow took an estate in his real and personal property for her life, with the further provision and power that, in case the use and income of his estate should prove insufficient for her comfort and support, then, and not otherwise, she was authorized to use so much of the *corpus* of the estate as should be necessary for that purpose. (*Ferry* v. *Wiggins,* 47 N. Y. 512; *Smith* v. *Van Ostrand,* 64 id. 278, 280; *In re McClure,* 136 id. 238; *Rose* v. *Hatch,* 125 id. 427, 432, 433.)

FINCH, J.   Darius Swarthout died in 1886, leaving a widow, but no descendants, and having brothers and sisters surviving, who became and were his heirs at law. He made his will, by the terms of which he gave all his property, real and personal, to his wife, expressing the scope and character of his gift in these words, viz.: "To have and to hold for her comfort and support all of the above-named property if she needs the same during her natural lifetime, if she should outlive me." The testator's meaning is further explained by the language of a subsequent gift to the Baptist church, which reads thus: " *Third.* My will and desire is that after the

death of my wife, Ann Elizabeth Swarthout, I will, devise and bequeath to the Wayne Village Baptist Church one thousand dollars, to be put out at interest, and the annual interest is to go toward the supporting a minister to preach for said church, if there is enough of my property left at the death of my wife." It is obvious from these provisions that the testator intended the gift to his wife to be something more than a life estate merely, and something less than the absolute fee: and that the widow took a life estate with power to take also and convert to her use so much of the *corpus* of the estate as she should need to apply to her comfort and support. He comprehended that she might need it all and so apply it to the permitted purpose as to leave none of it behind her at her death. The language he uses puts a double qualification upon his gift. The widow was "to have and to hold the same * * * during her natural lifetime," but "for her comfort and support if she needs the same." That more than a life estate was intended to be given is inferable from the language in which the gift to the church was made, but an absolute fee was obviously not contemplated although there is no remainder over. The quantity of interest vested in the wife was like that given to the husband in *Rose* v. *Hatch* (125 N. Y. 428), and was a life estate with power to take so much of the *corpus* as should be needed for her comfort and support.

What subsequently occurred was that the widow married a second time; that she gave to her husband a mortgage on the real estate devised for three thousand dollars; that she thereafter died; that her husband thereupon caused the mortgage to be recorded, and asserts its validity; and that the heirs at law, to whom the real estate descended, have brought this action to set aside and cancel the mortgage as a cloud upon their title, and that they have obtained judgment accordingly, from which the mortgagee brings this appeal.

His attack is solely upon the asserted equitable jurisdiction, assuming, as we hold, that his wife did not take the absolute fee. At Special Term the complaint was dismissed upon the

pleadings, and upon the ground that, taking as true all its allega-
tions, there was no cloud upon the title, and no need or occasion
for equitable relief. The reason for the decision was undoubt-
edly that, in the judgment of the court, the mortgage was void
upon its face, and could only be supported, if at all, by proof
of extrinsic facts, and that the party claiming under it could not
enforce it without disclosing the defect which made it invalid.
The General Term reversed the judgment, holding the con-
trary doctrine, arguing that the mortgage was not void on its
face, and that it could be enforced by the mortgagee without
need of a disclosure of the extrinsic facts rendering it
invalid.

We are of opinion that the General Term decided correctly,
and that in an action by the mortgagee to foreclose, or, after
getting the title, in an action for the possession, the presump-
tion would be, in the absence of proof of the extrinsic facts,
that the conditions upon which the wife could lawfully have
executed the mortgage existed, and that the burden of show-
ing the contrary would rest upon those who assailed the trans-
action. The will gave the wife power to exhaust both the real
and personal estate if needed for her comfort and support.
In that event she was at liberty to sell the whole real estate
and use the proceeds for her support. Instead of selling
she could mortgage and appropriate the proceeds in the same
manner. When she gave this mortgage she either honestly
needed its proceeds and did what she had a right to do, or she
committed a fraud, and perpetrated without authority an
illegal act intended to injure the heirs at law. Fraud and
illegality are not to be presumed without proof. Where execu-
tion of the mortgage might have been lawful and effective
there is a presumption in its favor if the contrary requires
us to presume fraud. The widow knew what she needed for
her comfort and support. If she collected a note or sold a
horse and spent the proceeds, and no further facts were shown,
I think we should not presume that she exceeded her right,
and so defrauded the next of kin. Where the truth of repre-
sentations is a condition precedent to the liability of an insurer,

the insured is not bound to prove that truth in the first instance, but may stand upon the presumption of innocence. (*Cole* v. *Germania Ins. Co.*, 99 N. Y. 42.) Where a guardian executed a release under seal, which in certain contingencies he might lawfully have done, the burden of impeaching it was thrown upon the ward. (*Torry* v. *Black*, 58 N. Y. 190.) The law presumes that every man in his private and official character does his duty, and even acts done by a corporation which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter. (*Bank of U. S.* v. *Dandridge*, 12 Wheaton, 70.) Following the analogy of these cases and many more like them, I think the mortgagee could stand upon his mortgage or a title derived therefrom without proof of the needs and the good faith of the wife, and that the burden of showing by extrinsic proof that the wife did not need the money, and that the mortgage was a sham or a fraud, would steadily rest upon the heirs at law who asserted it. For the husband put all the property in his wife's hands, and under her control, giving her a broad power and authority. He committed its preservation or exhaustion largely to her judgment, and while that judgment may not be conclusive we are bound to respect it and uphold it until evidence is given that it was exercised in bad faith and fraudulently as against the heirs at law. The burden is on them to prove the extrinsic facts. The mortgage is not void on its face : it can only become so by the operation of extrinsic proof.

The case, therefore, was one in which the jurisdiction of a court of equity to cancel the apparent cloud upon the title of the heirs at law could be properly invoked.

The order of the General Term should be affirmed, and judgment absolute rendered against the defendant upon his stipulation.

All concur.

Ordered accordingly.