# DECISIONS IN CASES NOT REPORTED.

## FIFTH DEPARTMENT, MARCH TERM, 1895.

John C. Barnard, Respondent, v. George C. Brown, Appellant.—Order affirmed, with ten dollars costs and disbursements.

The People of the State of New York ex rel. John Lardner and Others, Appellants, v. Samuel A. Carson, Respondent.—Judgment affirmed, with costs.

Charles F. Becker, Plaintiff, v. The New York Central and Hudson River Railroad Company, Defendant.— Plaintiff's motion for a new trial denied and judgment directed for the defendant on the verdict.

Mary E. Riddell, Appellant, v. Frank Travis, Respondent, Impleaded, etc. — Order affirmed on opinion in preceding case. (See *R ddell* v. *Riddell*, 85 Hun, 482.)

Thomas F. Reed, Respondent, v. Albion Stone Company, Appellant.—Judgment and order affirmed.

John Duffy, Sr., Appellant, v. Joseph Hamilton, Respondent.—Judgment affirmed, with costs.

Frank B. Perry and Another, Appellants, v. The Lehigh Valley Railway Company, Respondent.—Judgment affirmed, with costs, with leave to plaintiffs to amend complaint within twenty days on payment of the costs of the demurrer and of this appeal.

Maule A. Hertzler, Appellant, v. The City of Buffalo, Respondent.—Judgment and order affirmed. Dwight, P. J., not voting.

Newton Milks, Respondent, v. John Milks, Appellant.—Judgment and order affirmed. Dwight, P. J., not voting.

Traders' National Bank, Respondent, v. The Weaver Lumber Company, Appellant.— Order affirmed, with ten dollars costs and disbursements.

William B. Weaver v. The Weaver Lumber Company. Traders' National Bank, Respondent; Henry W. Greig, Appellant.— Order affirmed, with ten dollars costs and disbursements.

Edwin A. Eaton, Plaintiff, v. The New York Central and Hudson River Railroad Company, Defendant.—Plaintiff's motion for a new trial granted, costs to abide the event.

Jacob Brinkerhoff and Another, Appellants, v. Amarilla B. Sartwell, as Executrix, and Others, Respondents.— Judgment affirmed on opinion of Bradley, J., in preceding case. (See *Brinkerhoff* v. *Sartwell*, 85 Hun, 557.)

Ella A. Wooden, as Executrix, etc., Appellant, v. Amarilla B. Sartwell, as Executrix, etc., and Others, Respondents.— Judgment affirmed, with costs on opinion of Bradley, J.

Lewis H. Allen, Respondent, v. John C. Matthas and Others, Appellants. — Judgment affirmed.

Caroline L. Boehm, Respondent, v. The Commercial Life Insurance Company of New York, Appellant. — Judgment and order affirmed.

William Oakes, Respondent, v. August Kimmel, Appellant.—Judgment affirmed.

In the Matter of the Judicial Settlement of the Account of Benjamin F. Grant, as Executor, etc.—Decree of the Surrogate's Court modified by deducting therefrom fifty dollars and eighty-eight cents, and as modified affirmed, without costs.—

BRADLEY, J.: This appeal was heard and decision made in October, 1891, upon opinion of Lewis, J. (16 N. Y. Supp. 716; 40 N.Y. St. Repr. 944). It was then held that the widow of the decedent was entitled to the possession of the estate, as no trustee of it was appointed by the will. In that respect the determination of the Surrogate's Court as to the construction of the will was sustained. The proceedings were remitted to the surrogate to take proof of certain items of $50 and $100 allowed to the executor, because it did not appear by the record that they should have been allowed. The matter thereupon came again before the Surrogate's Court, and proof for the allowance of those items was made. No question is now raised in that respect. But it is urged by the learned counsel for the appellants that a reconsideration should be had of the question of construction and effect of the provision of the will upon which it was held on the former review that the widow was entitled to the possession of the fund. And it is insisted that this is required by the decision of the Court of Appeals in *Matter of McDougall* (141 N. Y. 21). There seems to be a substantial difference in the provisions of the wills in the two cases, upon the subject to which the question here relates. There the testator gave the rest and residue to his wife "to be used and enjoyed by her during her life or widowhood." By the will in question the testator gave his widow the right to the rents and profits of the estate for life, and, if that should be insufficient for her support, the *corpus* of it might be used for that purpose. The right so given in such event to use the principal of the fund distinguished this from the *McDougall* case, and such distinction has recognition in the views there expressed by Judge Peckham that "in other cases where it has been held that the legatee was entitled unconditionally to the possession of the legacy without security, other facts existed, such as where the language of the will made it manifest that the testator intended to give to the legatee power to use in his discretion some portion of the *corpus* of the estate for his support." Such is the purpose expressed in the will in question. And, therefore, the views of the court on the former review are readopted. The surrogate, however, in his findings states that by inadvertence a certain sum of fifty dollars and eighty-eight cents, allowed to the executor and included in the decree, should be deducted from it. With that modification the decree of the Surrogate's Court should be affirmed, without costs. Dwight, P. J., and Lewis, J., concurred.

John M. Eddy, Appellant, v. Milo A. Briggs, Respondent.— Judgment and order affirmed.

John Lowden, Respondent, v. Martin Beattie, Appellant. — Judgment and order affirmed.

George N. Pierce and Others, Appellants, v. Theodore J. E. Daggett, Respondent, Impleaded, etc.— Order affirmed, with ten dollars costs and disbursements.

The United Glass Company, Appellant, v. Peter R. Sleight, as Receiver, etc., Respond-