PETITION OF ALMINA JENKS *et al.* FOR AN OPINION.

PROVIDENCE—JULY 12, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Power of Sale and Mortgage under Will. Life Tenant and Remainder-men.*

A testamentary disposition was as follows: "I then give, devise, and bequeath unto my wife all the rest, residue, and remainder of my property and estate, after the payment of my just debts and funeral expenses, for her own use and benefit during her natural life. And at her decease, whatever may remain of my estate, both real and personal, I give, devise, and bequeath in equal moieties, one-half unto each of my said children G. and C., their heirs forever."

The widow, having no means of support, caused two houses to be built on a portion of the land, giving a mortgage covering the two houses and the portion of the land on which they stood. The money so raised was used in the erection of the houses, and the value of the real estate was increased by the amount of the mortgage :—

*Held*, there was no express power of sale given to the wife, but the implication from the language used was that she might use some of the estate for her own benefit. While in the case of an express power to sell it is held that such power excludes the power to mortgage, yet where there is no express power to sell, but only a power to the life tenant to use the estate for her own benefit, such power gives the right to mortgage.

*Held*, further, as in the present case the widow had improved the property to the full value of the incumbrance, and the value of the estate of the remainder-men was not diminished, the mortgage was an equitable incumbrance on their estate.

PETITION for an opinion as to the validity of a mortgage given by a life tenant as against the estates of remainder-men under a will. Heard on agreed statement of facts.

PER CURIAM. This is a case stated for the opinion of the court. The facts on which the question arises, as shown by the agreed statement, are as follows: Andrew Jenks, late of Pawtucket, deceased, left a last will and testament, making dispositions of his estate in the following words:

"I then give, devise, and bequeath unto my wife, Almina Jenks, all the rest, residue, and remainder of my property and estate, after the payment of my just debts and funeral expenses, for her own use and benefit during her natural life.

And at her decease, whatever may remain of my estate, both real and personal, I give, devise, and bequeath in equal moieties, one-half unto each of my said children George Andrew Jenks and Carrie Elizabeth Jenks, their heirs forever."

The only property left by the testator, after the payment of his debts, was his homestead estate, consisting of a house and lot of land and some household furniture. His widow, having no means of support except such as she derived from the use and occupation of the house and lot, caused two houses to be built on a portion of the land, for which she gave a mortgage, covering the two houses and the portion of the land on which they stand, for the sum of five thousand dollars. The money so raised was used in the erection of the houses, and it is agreed that the value of the real estate is increased by the amount of the mortgage. The question raised is whether the mortgage is valid as against the estates of the remainder-men under the will.

(1) It is contended on the part of the remainder-men that, where an estate is granted to a person for life, with an express power of sale, the estate is not thereby enlarged beyond the life estate, the power being merely a power and not an estate, and that a power to sell does not include the power to mortgage. The case of *Rhode Island Hospital Trust Co.* v. *Commercial National Bank et al.*, 14 R. I. 625, is cited, with other cases, in support of these propositions. The present case, however, differs materially from these cases in this, that this is not a case were the life tenant mortgaged the property and appropriated the proceeds for her own use. The cases proceed upon the substantial difference between raising money by mortgage and by a sale. In the case of a sale it is to be presumed that the full price will be obtained, while mortgages are usually given for a less amount. An express power to sell, therefore, is held not to include the power to mortgage. In the present case, however, there is no express power to sell, but a devise to the widow for her own use and benefit during her natural life, with a remainder of whatever may remain. The implication, therefore, is that she

may use some of the estate for her own benefit. Though in the case of an express power to sell it is held that such a power excludes the power to mortgage, yet where there is no express power to sell, but only a power to the life tenant to use the estate for her own benefit, it is held that such a power gives the right to mortgage. *Swarthout* v. *Ranier*, 143 N. Y. 499.

Moreover, in the present suit the widow, instead of selling and, appropriating the proceeds, has improved the property to the full value of the incumbrance, and secured her support in that way. The value of the estate of the remaindermen is not diminished. We think, therefore, in these circumstances, that the mortgage is an equitable incumbrance on their estate by reason of their receiving for it an equivalent in the value of the property.

*James L. Jenks and Lellan J. Tuck*, for parties in interest.