A wife bequeathed the use of all her property to her husband, subject to any bequests she might make, and with the further provision that he was to have the income during his life, and any part of the principal necessary for his comfort; he to be the sole judge as to such necessity. *Held*, that the next of kin cannot restrict the bequest by compelling his executors to show what his individual income was, or the sum necessary for his support and comfort.

In the matter of the judicial settlement of the account of William H. Parsons, executor. Objections to account overruled.

Rider & Smith, for petitioners.

Theall & Beam (John F. Forrester, of counsel), for objectors.

CHURCH, S. Sarah Maria Parsons died, leaving a last will and testament, which was duly admitted to probate; and William Henry Parsons, her husband, qualified as executor. William Henry Parsons died on the 27th of June, 1902. It appears that he made several accountings as executor during his lifetime. In this proceeding his executors file the account of his proceedings as such executor. Said account is objected to, and the sole question for consideration turns upon the construction of the following provisions of the will of Mrs. Parsons:

"I give and bequeath to my dear husband, William Henry Parsons, of said Brooklyn, New York, the use of all my property I may die possessed of, subject to any bequests I may herein name. He is to have the use and income of said property during his life, and any part of the principal that may be needed for his comfort."

William Henry Parsons received the entire income of the estate, and in addition he had devoted certain portions of the principal to his use, on the theory that it was needed for his support, and that he had the right to do so under such will.

The executors, in their account, do not, therefore, account for any of the income received by William Henry Parsons, on the theory that it belonged absolutely to him; and they credit themselves with the sum of $2,785.47, being the amount expended by him from the principal for his comfort and support, claiming that he had a right to do so under said will. Objections were filed to this account, contending that the executors should account for the income which William Henry Parsons received in his lifetime, and that he had no right to dip into the principal of this estate, unless the income thereof, or his own estate, was insufficient for his living expenses. These objections were made by three of the children of a deceased brother of Mrs. Parsons. It is difficult for me to see what right the objectors have to be heard in this proceeding, but, inasmuch as a decision upon that point may embarrass the parties hereto, I will consider the objections which they have raised upon their merits, and will not pass directly upon the question of whether they are entitled, as next of kin of Mrs. Parsons, to object, or not.

Under the will, it seems to me that Mr. Parsons was to be the sole judge of what amount of the principal of such estate he might need for his comfort and support, and that the bequest cannot be restricted by compelling his executors to show what his individual income was, or what amount was actually sufficient and necessary for his support. If the testatrix intended to simply permit her husband to use this money provided his individual income was insufficient, and also intended that in his use of the same he should be restricted to the bare necessities and comforts of life, there is no doubt but that this provision would have been indicated by appropriate language. This has not been done, and, on the contrary, it was the evident intention of the testatrix to give to her husband the broadest discretion in his use of the principal of this estate, in addition to the use of the income thereof. The cases quoted (In re Hunt and Higgins v. Lewis) both arise under very different principles. In those cases the bequests for the use of the income and a portion of the principal were not alone for the benefit of the executrix therein named, but also for the support of a child of the decedent. The facts of the two cases being so radically different, the reasoning adopted in those cases has no application to the case at bar.

The objections are therefore overruled, and a decree should be entered proving the account as filed. Let appropriate decree be settled upon notice. Decreed accordingly.