(110 App. Div. 322)

COOK v. SACKETT.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

VENDOR AND PURCHASER—SUFFICIENCY OF TITLE OF VENDOR.

Where a testator devised his property to his wife for the support of her and testator's children while she lived and remained unmarried, and at her death to leave the residue to testator's children, as she deemed proper, it would seem that she had power to mortgage the property subject to the right of testator's children to attack the mortgage on the ground that it was given in bad faith, and not for the support of the widow and children, and therefore the title acquired under foreclosure proceedings to which the children were not parties is involved in such doubt as to prevent the holder from enforcing a contract for the purchase of the property.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, §§ 235, 245, 246.]

Ingraham, J., dissenting in part.

Action by Louise Cook against Frederick Sackett. Submission on agreed statement of facts. Judgment for defendant.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGH-LIN, CLARKE, and HOUGHTON, JJ.

Edgar R. Cook, for plaintiff.
Joseph H. Mahan, for defendant.

CLARKE, J. Plaintiff seeks to have defendant specifically perform a contract for the purchase of real estate. Defendant asks to have the contract rescinded and that he be released from its obligation. The title of plaintiff is questioned. Charles Gallagher, owner of the land

in question, died leaving a last will and testament, duly admitted to probate, in which he said:

"I, Charles Gallagher, give and bequeath to my wife, Elizabeth Gallagher, all my personal and real estate, together with my sloop and oyster beds for the support of her and my children while she lives and remains unmarried, and at her death to leave the residue to my children as she deems proper. The following are the names: Charles P. Gallagher, Mary Gallagher, Sarah J. Gallagher, Agnes C. Gallagher, Ann A. Gallagher and Edward Gallagher."

During her life Mrs. Gallagher entered into possession. She is now dead, not having remarried. During her lifetime she mortgaged the fee of said real estate. The mortgage given by her was foreclosed, and a deed under the decree was executed and delivered. Title thereafter came to plaintiff.

In Swarthout v. Ranier, 143 N. Y. 499, 38 N. E. 726, testator made his will, by the terms of which he gave all his property, real and personal, to his wife, "to have and to hold for her comfort and support all of the above-mentioned property if she needs the same during her natural lifetime, if she should outlive me." He left a legacy over to the Baptist Church of $1,000, "if there is enough of my property left at the death of my wife." The court said:

"It is obvious from these provisions that the testator intended a gift to his wife to be something more than a life estate merely, and something less than the absolute fee, and that the widow took a life estate, with power to take also and convert to her use so much of the corpus of the estate as she should need to apply to her comfort and support. He comprehended that she might need it all, and so apply it to the permitted purpose as to leave none of it behind her at her death. * * * The quantity of interest vested in the wife was like that given to the husband in Rose v. Hatch, 125 N. Y. 428, 26 N. E. 467, and was a life estate with power to take so much of the corpus as should be needed for her comfort and support."

So in the case at bar the wife seems to have been given an estate for life or widowhood for the support of herself and children, with power, also, to take and convert to her and their use, so much of the corpus of the estate as she should need for that purpose, with a limited power to leave the residue by will to her children as she might deem proper. It does not appear whether the widow did, or did not, leave any will. In the Swarthout Case the widow married a second time, gave a mortgage to her husband, and died. The heirs at law brought an action to set aside and cancel the mortgage as a cloud upon their title. The court said that:

"The will gave the power to exhaust both the real and personal estate if needed for her comfort and support. In that event she was at liberty to sell the whole real estate and use the proceeds for her support. Instead of selling, she could mortgage and appropriate the proceeds in the same manner."

It held that the mortgagee could stand upon his mortgage, or a title derived therefrom, without proof of the needs and good faith of the wife; that the burden of showing by extrinsic proof that the wife did not need the money and that the mortgage was a sham or a fraud would steadily rest upon the heirs at law who asserted it; and that the heirs might have an action in equity to set aside the mortgage as a cloud upon their title, assuming, of course, that burden of proof.

In Rose v. Hatch, 125 N. Y. 427, 26 N. E. 467, the will attempted

to make a trust estate in the husband for the benefit of the husband during his life. It also gave him a power of sale. The court held that the statutes converted this trust estate into a legal estate, "that under it [the will] the husband would take a life estate in the property with the right to use the whole of the income and so much of the principal as might be required for his personal wants and necessities, and as to the residue there was no valid disposition thereof. The power of sale was executed and a good title to the land thereby given." That was, of course, under a specific power the like of which is not in this will. "A wrong motive of the executor in making the sale and the misappropriation of the proceeds would not defeat the sale; the purchaser not being a party to the wrongdoing."

In the case at bar it would seem that this estate for life or widowhood may have given the power to mortgage to the widow, and in the first instance that the mortgagee and those taking title thereunder might stand on the mortgage; but that that mortgage would be open to the attack of the heirs of Charles Gallagher, upon the ground that it was given in bad faith and not for the support of the widow and children. The foreclosure which took place would not serve to clear the title, unless the children were made parties to that proceeding. If so, their interests could by such proceeding have been extinguished. But there is no statement among the agreed facts that the children were made parties thereto, nor does it seem likely, as it is distinctly set forth, that Mrs. Gallagher made the mortgage believing that she had the right so to do, as the estate was hers. It is apparent that this title is not free from reasonable doubt. All the parties who have a right to be heard upon that question are not before the court. As said by Mr. Justice O'Brien in announcing the unanimous opinion of this court in Salisbury v. Ryan, 105 App. Div. 445, 94 N. Y. Supp. 352, citing the leading case of Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905, and many others:

"No judgment which we can render at this time will be binding upon the remaindermen under the will, and for those reasons the plaintiffs cannot convey a marketable title, and the court will not decree a specific performance of the contract of sale."

Judgment for the defendant, with costs.

O'BRIEN, P. J., and McLAUGHLIN and HOUGHTON, JJ., concur.

INGRAHAM, J. I do not concur with Mr. Justice CLARKE in his construction of the will here involved, as there is a clear distinction between this will and the will construed in Swarthout v. Ranier, 143 N. Y. 499, 38 N. E. 726. In this case the gift was to his wife while she lived and remained unmarried, and at her death or remarriage she is given a power to apportion "the residue," by which I think is meant the remainder, to his children. The will in Swarthout v. Ranier was quite different. By that will the testator gave all his property, real and personal, to his wife, to have and to hold for her comfort and support, if she needed the same, during her natural life. I think there is in this will a clear intention to give to the wife of the testator a life estate in his property, real and personal, with a power to appoint

the remainder among his children as she should deem proper. There was no power of sale in this will, and no indication that the testator intended that his real estate should be disposed of during the life of his wife and the proceeds used for her support. Assuming that my construction of this will is not correct, however, I agree with Mr. Justice CLARKE that the defendant should not be compelled to take the title, and therefore concur with him in a direction of judgment for the defendant.