(49 Misc. Rep. 205)

In re TRELEASE et al.

(Surrogate's Court, Kings County. January 18, 1906.)

1. WILLS—CONSTRUCTION—PRINCIPAL OF LEGACY—RIGHTS OF LEGATEE.
    Where a will gave testator's widow the income of certain moneys, with the right to use the principal "as she may need it," she was the sole judge of such necessity.

2. SAME—RIGHT TO POSSESSION—PRINCIPAL.
    Where testator bequeathed a certain sum to his widow, the money to be invested in bond and mortgage or "in other property," the widow to have the income thereof and the right to use the principal as she might need it, testator further directing that the money be kept distinct "from any that she may inherit from her father's estate," no testamentary trustee being appointed, the widow was entitled to the possession of the moneys after payment of the debts of the estate:

3. SAME—INVESTMENT.
    Under a will directing certain money to be invested on bond and mortgage or in other property, the purchase of real estate was such other investment.

In the matter of the judicial settlement of the accounts of Walter K. Trelease and another as executors of the last will and testament of Francis A. Trelease, deceased. Objections to accounts overruled.

Robert M. Boyd, Jr., for Walter K. Trelease.
Frederick M. Harris, for Mary A. Trelease.

CRANE, Special Surrogate. Francis A. Trelease died in March, 1901, leaving a last will and testament wherein he provided as follows:

"(3) If the proceeds of my interest in the said firm [Trelease & Underhill] together with other money or property of mine shall amount to the sum of thirteen thousand dollars, I give and bequeath that sum to my wife, Mary A. Trelease, the money to be invested on bond and mortgage or in other property, and she shall have the income thereof; and she shall have the right to use the principal as she may need it, but I direct that the money be kept distinct from any that she may inherit from her father's estate."

"(6) Should my estate exceed fourteen thousand dollars, I give to my wife Mary A. Trelease, the balance upon the same terms mentioned in clause 3.

"(7) If at the death of my wife, Mary A. Trelease, she shall not have used up the principal of my estate, I give and bequeath what remains to my brothers, Samuel R. Trelease and Walter K. Trelease, share and share alike, or in case either shall have died it shall go to the survivor."

Mary A. Trelease and Walter K. Trelease were appointed executors, both of whom have qualified. The deceased left about $34,000 in personalty. The two executors appear to have disagreed in the management and control of the estate and to have some misunderstanding as to the disposition of the funds under the above-mentioned instrument. Walter K. Trelease, having possession of a portion of the property, has rendered and filed his accounts, to which all objections have been withdrawn. Mary A. Trelease having received into her possession as executrix about $2,000, has accounted by stating that she has paid the same to her-

self as legatee. This account has been objected to by the coexecutor and residuary legatee; his claim being that Mary A. Trelease is entitled solely to the income from the estate in the first instance, and not to the possession as legatee of any part of the principal, and should therefore be charged with the amount she received. Necessarily this contention requires the construction of the will and a statement of the rights and powers of Mary A. Trelease as legatee. Matter of Fernbacher, 17 Abb. N. C. 339.

The testator bequeathed his property to his wife, "the money to be invested on bond and mortgage or in other property, and she shall have the income thereof and she shall have the right to use the principal as she may need it." It is only in case she shall not have used up the principal of the estate that the sum remaining is given to the brothers. It is apparent that the intention of the deceased was that his wife should not only have the income from his property, but also the principal, if she needed it. He so stated. She took more than a life interest, and could use the principal as necessity required. Of this necessity she was the sole judge. In re Grant (Sup.) 16 N. Y. Supp. 716, also Id., 86 Hun, 617, 33 N. Y. Supp. 193; In re Parsons, 39 Misc. Rep. 126, 78 N. Y. Supp. 975; Swarthout v. Ranier, 143 N. Y. 499, 38 N. E. 726. It was not for her coexecutor or the contingent residuary legatees to determine, neither for the court to limit.

If the widow, therefore, had the right to the income, also the principal as she might need it, who would be entitled to the possession of the principal after all the debts and charges of the estate had been paid? It will be noticed that the will appoints no testamentary trustees. According to the cases very similar to this which the courts have passed upon, the person having the life estate with power of using the principal has received and retained the possession of the corpus of the estate without giving security. Thomas v. Wolford, 49 Hun, 145, 1 N. Y. Supp. 610; Champion v. Williams (Sup.) 12 N. Y. Supp. 697. Judge Peckham said (In re McDougall, 141 N. Y. 21, 35 N. E. 961):

"In other cases where it has been held that the legatee was entitled unconditionally to the possession of the legacy without security, other facts existed, such as where the language of the will made it manifest that the testator intended to give to the legatee power to use in his discretion some portion of the corpus of the estate for his support."

See In re Grant (Sup.) 16 N. Y. Supp. 716; Id., 86 Hun, 617, 33 N. Y. Supp. 193; In re Parsons, 39 Misc. Rep. 126, 78 N. Y. Supp. 975; Terry v. Rector of St. Stephen's Church, 79 App. Div. 527, 81 N. Y. Supp. 119; Swarthout v. Ranier, 143 N. Y. 499, 38 N. E. 726.

The attorney for the residuary legatees has cited a number of cases which are to be distinguished from this, and which illustrate the different results flowing from a simple life estate and a life estate with power of disposing of the principal during life. In the former cases the legatee of the life estate has simply the income and cannot take possession of the corpus of the property without giving security, while in the latter the rule is that which I have applied to this case. In these cases referred to by objector's counsel there was solely an express life

estate or the will as construed evidenced the intent to create simply a life estate and no power to draw on the principal.

The will of Francis A. Trelease would also indicate his intention this his wife should possess as legatee the corpus of the estate. Paragraph 3 closes with the injunction:

"But I direct that the money be kept distinct from any that she may inherit from her father's estate."

Clearly the testator contemplated his wife's possession of the principal of his estate; otherwise, there was no danger of her mixing the moneys with those from her father's estate. Neither she nor Walter K. Trelease, as executors of the testator's will, would receive the moneys from the estate of Mrs. Trelease's father. As whatever she inherited from her father she would possess in her individual capacity and could not mix with those funds she and Walter K. Trelease might have as executors, the likelihood of confusing the funds, requiring the testator's warning and direction, would only arise when she possessed both funds as legatee or in her individual capacity.

It appears from Mrs. Trelease's affidavit, made in this proceeding, that she has bought a house with a part of the $2,000 received from her husband. This has been held not to be an improper investment. In re Grant (Sup.) 16 N. Y. Supp. 716. Besides, the will provides that the money may be invested in bond and mortgage or in other property. Purchasing real estate could be such other investment. Of course, the amount so invested would pass to the residuary legatees upon the death of Mrs. Trelease. She could not give or will away the estate which she held in trust to use only as she needs it. Terry v. Rector of St. Stephen's Church, supra.

The $2,000, therefore, paid by Mrs. Trelease to herself as legatee, was rightfully transferred. She has properly accounted therefor, and the objections are overruled. According to this, all the property held by Walter K. Trelease as executor should also upon his accounting be transferred to the widow.