ACCEPTED
03-15-00081-CV
4843584
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/10/2015 12:43:45 PM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00081-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/10/2015 12:43:45 PM
JEFFREY D. KYLE
Clerk

**IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN, TEXAS**

**ACCESS ORTHODONTICS OF EAST 7TH STREET, P.A.
Appellant**

**v.**

**MIRIAM JAIMES
Appellee**

**On Appeal from the 126th Judicial District Court
Of Travis County, Texas
The Honorable Amy Clark Meachum Presiding**

**APPELLANT, ACCESS ORTHODONTICS OF EAST 7TH STREET, P.A.'S,
REPLY BRIEF**

Robert M. Anderton
State Bar No. 00795223
Mark J. Hanna
State Bar No. 08919500
900 Congress Avenue, Suite 250
Austin, Texas 78701
Telephone: (512) 477-6200
Facsimile:  (512) 477-1188
mhanna@markjhanna.com

**Appellant's Reply Brief – Page i**

Jon M. Smith
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
Telephone:  (512) 371-1006
Facsimile:    (512) 476-6685
jon@jonmichaelsmith.com

# IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Appellant: | Access Orthodontics of East 7th Street, P.A. |
| Appellant's Counsel: | Robert M. Anderton<br>State Bar No. 00795223<br>Mark J. Hanna<br>State Bar No. 08919500<br>900 Congress Avenue, Suite 250<br>Austin, Texas  78701<br>Telephone: (512) 477-6200<br>Facsimile:  (512) 477-1188<br>mhanna@markjhanna.com<br><br>Jon M. Smith<br>State Bar No. 18630750<br>3305 Northland Drive<br>Suite 500<br>Austin, Texas 78731<br>Telephone:  (512) 371-1006<br>Facsimile:    (512) 476-6685<br>jon@jonmichaelsmith.com |
| Appellee: | Miriam Jaimes |
| Appellee's Counsel: | J. Lynn Watson<br>The J.L. Watson Law Firm, P.C.<br>State Bar No. 20761510<br>9442 N. Capital of Texas Hwy.<br>Plaza 1, Suite 500<br>Austin, Texas 78759<br>Telephone: (512) 343-4526<br>Facsimile: (512) 582-2953 |

## REFERENCE TO THE PARTIES

Appellant will refer to Appellant, Access Orthodontics of East 7th Street, P.A. as "Access" and Appellee, Miriam Jaimes, as "Jaimes."

## REFERENCE TO THE RECORD

| Reference | Meaning |
|---|---|
| C.R. | Clerk's Record at page ___ |
| R.R. | Reporter's Record at page ___: line ___ |

# TABLE OF CONTENTS

**PAGE**

IDENTITY OF PARTIES AND COUNSEL…………...............................................iii

REFERENCE TO THE PARTIES ………………………………………….........iv

REFERENCE TO THE RECORD ………...............…………………….........iv

TABLE OF CONTENTS…………………………….………….......….v

INDEX OF AUTHORITIES ……………………………………….............vi

CONCLUSION …………………………………….....................8

PRAYER ………....……………………………………….....................8

CERTIFICATE OF COMPLIANCE…………...........…………….............10

CERTIFICATE OF SERVICE ………………………………….....................11

# INDEX OF AUTHORITIES

**CASES**                                                               **PAGE**

*Boothe v. Dixon*, 180 S.W.3d 915, 919 (Tex. App.—Dallas 2005, no writ)................................................................................................7

*Earle v. Ratliff*, 998 S.W.2d 882, 89 (Tex. 1999)................................................................................................7

*Froemming v. Perez*, No. 04-05—00514-CV, 2006 WL 704479 (Tex. App.—San Antonio Mar. 22, 2006, no pet.)..................................3

*Gormley v. Stover*, 907 S.W.2d 448, 450 (Tex. 1995)................................................................................................7

*Hunsucker v. Fustok*, 238 S.W.3d 421, 428 (Tex. App.—Houston [1st Dist.] 2007, no writ)................................................................................................7

*Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006)(per curiam)................................................................................................3

*Lopez v. Osuna*, No. 04-14-00310-CV, 2014 Tex. App. LEXIS 12777, Tex. App.—San Antonio 2014, no writ)..............................................4

*MacGregor Med. Ass'n v. Campbell*, 985 S.W.2d 38, 40-41 (Tex. 1998)................................................................................................7

*Mills v. Pate*, 225 S.W.3d 277, 290 (Tex. App.—El Paso 2006, no pet.)................................................................................................3

*Sorokolit v. Rhodes*, 889 S.W.2d 239, 242 (Tex. 1994)...........................7

*Stockton v. Offenbach*, 336 S.W.3d 610, 611 (Tex. 2011)................................................................................................2

*Tex. W. Oaks Hosp., L.P. v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012)................................................................................................3

NO. 03-15-00081-CV

─────────────────────────────────────────

# IN THE COURT OF APPEALS
# FOR THE THIRD DISTRICT OF TEXAS
# AT AUSTIN, TEXAS

─────────────────────────────────────────

## ACCESS ORTHODONTICS OF EAST 7TH STREET, P.A.
## Appellant

## v.

## MIRIAM JAIMES
## Appellee

─────────────────────────────────────────

## On Appeal from the 126th Judicial District Court
## Of Travis County, Texas
## The Honorable Amy Clark Meachum Presiding

─────────────────────────────────────────

## APPELLANT, ACCESS ORTHODONTICS OF EAST 7TH STREET, P.A.'S,
## REPLY BRIEF

─────────────────────────────────────────

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellant, Access Orthodontics of East 7th Street, P.A., files this reply brief and would show as follows:

## INTRODUCTION

The purpose of this brief is to rebut two specific portions of Appellee's

brief: (1) Its discussion of the standard of review to clarify that the standard of review in this case is de novo; and (2) To distinguish this case from the line of cases cited by appellee that have allowed patients to pursue DTPA claims against healthcare providers outside the parameters of the Texas Medical Liability Act.

**Standard of Review**

Both parties referred to both the abuse of discretion standard of review and the de novo standard of review in their respective briefs. This matter bears clarification because in this case the only applicable standard of review is de novo.

In the section of her brief devoted to the proper standard of review in this case Appellee discusses both the abuse of discretion standard and the de novo standard. Appellee cites the case of *Stockton v. Offenbach*, 336 S.W.3d 610, 611 (Tex. 2011) for the proposition that, "A court of appeals reviews a decision to deny a motion to dismiss under Section 74.351 under an abuse of discretion standard." But that is not what the *Stockton* opinion actually says. On the page referenced by Appellee, the *Stockton* court states that, "Under an abuse of discretion standard, the appellate court defers to the trial court's factual determinations if they are supported by

evidence, but reviews the trial court's legal determinations de novo." *Id*.

In the instant case the trial court did not make any factual determinations. The motion to dismiss was decided on the pleadings. Therefore, as later accurately stated by Appellee the standard of review for determining whether a pleaded claim is a health care liability claim is de novo. *Tex. W. Oaks Hosp., L.P. v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012); see also *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006)(per curiam). Because the only inquiry in this case is whether Appellee's claim is a health care liability claim, the only standard of review in this case is de novo.

**Distinguishing this case from Mills and Froemming**

Appellee compares this case to the *Mills* and *Froemming* cases in attempting to make the point that her claims should be considered to be outside the TMLA and she should be allowed to pursue them as claims under the Deceptive Trade Practices Act[1]. But both of those cases are distinguishable from the instant case.

---

[1] *Mills v. Pate*, 225 S.W.3d 277, 290 (Tex. App.—El Paso 2006, no pet.); and *Froemming v. Perez*, No. 04-05-00514-CV, 2006 WL 704479 (Tex. App.—San Antonio Mar. 22, 2006, no pet.)

The unreported *Froemming* opinion is most simple to distinguish and is discussed first. *Froemming* is, quite simply, a case in which the applicability or lack thereof of the TMLA is not an issue. The Froemming case does involve a dispute between a dentist and patient over the failure to complete a course of orthodontics. *Froemming* at 9. However, the dentist in *Froemming* failed to answer the patient's original petition and a default judgment was taken. Id. The case was taken up on a restricted appeal and no mention is made in the entire opinion about the applicability of the TMLA or whether the patient was making a healthcare liability claim as that term is defined by the TMLA. For those reasons the *Froemming* case is inapplicable to this case.

A case based on failure to provide medical services for which payment had been made which is more applicable to this case is *Lopez v. Osuna*, No. 04-14-00310-CV, 2014 Tex. App. LEXIS 12777, Tex. App.—San Antonio 2014, no writ). In *Lopez*, the plaintiff, a pregnant mother, prepaid for birthing services to be provided by a birthing clinic and midwife. *Lopez* at 11. Osuna alleged that when she went to the clinic believing she was in labor she was told to leave and come back a couple of days later. Id. Shortly thereafter, she began to feel more intense labor pains and had her husband rush her to the clinic. Lopez at 12. She delivered the baby on

the way to the clinic and when she arrived the midwife refused to provide any services to her. Id. Lopez sued the midwife and the clinic making various claims under the DTPA. Lopez at 12. She did not provide an expert report pursuant to Chapter 74. Id. The midwife filed a motion to dismiss based on this failure but the trial court denied the motion finding that Osuna's claims were not health care liability claims. Id.

The court of appeals determined that Osuna's claims were health care liability claims. Lopez at 16. In making that determination the court considered Osuna's claims, including the fact that she had entered into a contract by which she would pay Lopez a certain amount prior to the delivery and she would receive care and attention as promised. Id. As well as her assertion that "Lopez provided none of the medical assistance for which she had been paid." Id. The court stated that, "At the core of Osuna's claims is provision of health care during pregnancy." Lopez at 19. As a result, the court held that the alleged wrongful acts are inseparable from Lopez's rendition of health care. Id. This court should reach the same result in the instant case.

The *Mills* case is based on a very narrow set of facts that Texas courts have consistently distinguished and which are not applicable her. In *Mills*, the patient, decided to have liposuction and went to the doctor, Pate.

Mills, 225 S.W.3d at 280. Dr. Pate told Mills that after liposuction she would have no bulges or saddlebags. Id. Dr. Pate performed the liposuction and Ms. Mills complained about sagging skin and other problems. Mills, 225 S.W.3d at 281. Dr. Pate performed a second procedure – a thigh lift – and Mills was again disappointed because she did not look like Dr. Pate said she would. Mills, 225 S.W.3d at 282. Mills sued Pate for medical malpractice based on failure to obtain informed consent and later added a breach of express warranty claim. Mills, 225 S.W.3d at 283. Dr. Pate filed a motion for summary judgment based on limitations and the applicability of the TMLA and it was granted on all counts. Mills, 225 S.W.3d at 283-84.

In analyzing Mills' breach of warranty claim the court stated that a cause of action alleges a departure from accepted standards of medical care or health care if the act or omission complained of is an inseparable part of the rendition of medical services. Mills, 225 S.W.3d at 289. The court went on to recount that Mills "alleged that Dr. Pate made the following representations to her about the quality or characteristics of his services…" and then went into detail about each of Dr. Pate's representations. Id. It was Mills' reliance on these representations of the outcome of the procedure that the court relied upon in deciding that Mills could go forward

with a breach of warranty claim. Mills, 225 S.W.3d at 290. There are no such allegations of representations or promises by Access of a particular result of the dental treatment at issue in this case. Therefore there is no basis for a claim by the Appellee separate and apart from one that is based on a departure from the standard of care based on the failure to provide treatment, in this case the removal of the braces. Therefore, the Mills case is distinguishable and Appellee's DTPA claim should not be allowed to proceed.

Texas courts have consistently distinguished the *Sorokolit* opinion, on which *Mills* heavily relies[2]. For example, in *Hunsucker v. Fustok*, 238 S.W.3d 421, 428 (Tex. App.—Houston [1st Dist.] 2007, no writ), the court of appeals distinguished the facts of that case in which the patient claimed that the doctor breached an agreement that the surgery would be performed a particular way from the *Mills* and *Sorokolit* fact patterns in which a doctor promised a particular result. See also *MacGregor Med. Ass'n v. Campbell*, 985 S.W.2d 38, 40-41 (Tex. 1998); *Gormley v. Stover*, 907 S.W.2d 448, 450 (Tex. 1995); *Earle v. Ratliff*, 998 S.W.2d 882, 89 (Tex. 1999); and *Boothe v. Dixon*, 180 S.W.3d 915, 919 (Tex. App.—Dallas 2005, no writ).

---

[2] *Sorokolit v. Rhodes*, 889 S.W.2d 239, 242 (Tex. 1994).

It is clear based on a review of this line of decisions that the Mills case and its predecessor, Sorokolit, are narrowly limited to the specific facts of those cases in which health care providers promised particular results from medical procedures, separate and apart from the standard of care applicable to the particular procedure. Therefore, Mills is not applicable to this case and should not be considered.

## *CONCLUSION*

The Trial Court erred when it denied the motion to dismiss. Therefore, this court should reverse the trial court's order and render judgment that the case is dismissed with prejudice to its refiling and that Access is awarded attorneys fees in the amount of $5,345.00.

## *PRAYER*

*FOR THE FOREGOING REASONS*, Appellant prays that this Court reverse the trial court's order denying the motion to dismiss, and render judgment that Appellee's claims are dismissed with prejudice and order her to pay attorney's fees in the amount of $5,345.00.

Respectfully submitted,

***LAW OFFICES OF HANNA &
ANDERTON***


By: __/s/_Jon Smith_____
     Robert M. Anderton
     State Bar No. 00795223
     Mark J. Hanna
     State Bar No. 08919500
     900 Congress Avenue, Suite 250
     Austin, Texas  78701
     Telephone: (512) 477-6200
     Facsimile:  (512) 477-1188
     mhanna@markjhanna.com


     Jon M. Smith
     State Bar No. 18630750
     3305 Northland Drive
     Suite 500
     Austin, Texas 78731
     Telephone:  (512) 371-1006
     Facsimile:    (512) 476-6685
     jon@jonmichaelsmith.com


     ***ATTORNEYS FOR APPELLANT***

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Jon Michael Smith, do hereby certify that the Appellant's Brief contains 1,494 words, according to the word count of the computer program used to prepare it, in compliance with Texas Rule of Appellate Procedure 9.4(i)(3).

____/s/_Jon Smith_____
Jon Michael Smith

## <u>CERTIFICATE OF SERVICE</u>

I, Jon Michael Smith, do hereby certify that a true and correct copy of the foregoing document was delivered to all attorneys of record as listed below via fax on April 10, 2015.

J. Lynn Watson                    *Via Fax: (512) 582-2953*
The J.L. Watson Law Firm, P.C.
State Bar No. 20761510
9442 N. Capital of Texas Hwy.
Plaza 1, Suite 500
Austin, Texas 78759


                                              ____/s/_Jon Smith_____
                                              Jon Michael Smith