CITY BANK FARMERS TRUST COMPANY, as Trustee, etc., Plaintiff, *v.* ELLEN MARIE LOUISE WHITEING and Others, Defendants.

Supreme Court, New York County, April 1, 1930.

*Taylor, Blanc, Capron & Marsh,* for the plaintiff.

*L. E. Warren,* for the defendants Ellen Marie Louise Whiteing and Robert Singleton Garnett and others.

*C. Arthur Levy,* for the defendants Evelyn Kate Cramer Roberts and others.

McCook, J.   Motion for judgment upon the pleadings, which show the following state of facts: On December 29, 1869, Helen Watson Harris of New York and Richard Whiteing of England entered into an agreement by way of marriage settlement, with Eliza Harris of New York as trustee, which suspended the absolute ownership of certain property in the State of New York during the lives of the intended husband and wife, income payable meantime to them or the survivor of them, principal to be paid upon the death of such survivor to their issue then living, and, in default of such issue, as Helen Watson Harris might by will appoint.   Plaintiff is successor trustee under this agreement.   Helen Watson Harris and Richard Whiteing subsequently intermarried and had one child, Richard Clifford Whiteing.   Helen Watson (Harris) Whiteing died in 1921, domiciled in England; her son, Richard Clifford Whiteing, in 1923; her husband, Richard Whiteing, in 1928. Upon the death of her husband Richard the trust terminated with default of issue, thereby rendering effective, if it has become effective, the power of appointment under the marriage settlement.   This power had meanwhile been exercised by Helen under a will, dated June 18, 1916, admitted after her death to probate by the Probate Division of the High Court of Justice of England.   It further appears that Richard Clifford left surviving him no issue, but a wife, Ellen Marie Louise Whiteing, also known as Nellie Du Maurier Whiteing, one of the defendants, to whom he gave and bequeathed under his will his entire estate.   Nellie, who was born subsequent to the date of the marriage agreement, appears to have assigned and conveyed her rights, if any, to one Garnett, a defendant, before the

death of her father-in-law Richard, though after the death of her husband, Richard Clifford. She was Mrs. Richard Whiteing's only daughter-in-law; she is living, has not married again and has no children.

Mrs. Helen Watson Whiteing's will reads in part as follows: " I leave to my son Richard Clifford Whiteing and in case of his death to his wife Nellie Du Maurier Whiteing all my earthly possessions consisting of moneys invested in the United States of America and in care of Joseph Bird, trustee * * *. In the event of my daughter-in-law dying without children I desire the whole capital to go to my sister's children." The testatrix had but one sister, Kate Cramer Roberts, who left surviving her seven children; six of these and the children of the seventh are joined as defendants.

The issue of law, which relates principally to the Helen Watson Whiteing will, is between Nellie Du Maurier (Ellen Marie Louise) Whiteing, claiming under both wills, together with her assignee Garnett, individually and as executor of Richard Clifford Whiteing, on the one side, and the heirs and next of kin of Kate Cramer Roberts on the other. The former group claim that the words "in case of his death " in the will of Helen Watson Whiteing must be read to mean " in case of his death before me," so that, as Richard Clifford Whiteing died after his mother, the testatrix, the provision for his wife Nellie under his mother's will never took effect. The latter group contend that, even if the earlier clause makes a gift to the daughter-in-law of the testatrix, the later clause in favor of the sister's children must control in the event the two clauses are found inconsistent. They argue that, although the daughter-in-law is still alive, she cannot have children who would be the " children " contemplated by the testatrix in the later clause, and that when she dies the situation foreseen by the testatrix will come to pass; so that they should be determined remaindermen, subject at most to a life interest in the property to the daughter-in-law.

The plaintiff stands aloof from this controversy, merely discussing the various possible constructions of the will, and praying that after the questions of law have been determined and the opinion of the court has been published, an interlocutory judgment be dispensed with and the matter be allowed to proceed immediately to final judgment, judicially settling and allowing its account as trustee. Although the construction contended for by the Whiteing-Garnett interests involves the interpolation or assumption of the explanatory words " before me " it appears to the court a natural and even necessary one, because upon acceptance of it any ambiguity at once disappears and no construction equally persuasive has been discovered. If the testatrix intended her daughter-in-law to take the

property only in case Richard Clifford should predecease his mother, Nellie Whiteing obviously received nothing under the will of her mother-in-law, and in that event no occasion for the alternative provision in favor of the children of testatrix's sister ever arose. The two clauses would under such a construction be neither inconsistent, repugnant nor irreconcilable; on the contrary, they would be supplementary to one another and consistent with the simply and briefly expressed wishes of the testatrix.

No difference as applied to this conclusion is found between the law of England and that of the State of New York. In sharp contrast with this result are the ambiguities and complexities involved in a different construction. It might at first sight seem possible since the will mentions the trust fund of which plaintiff is trustee (as successor to Eliza Harris and her successor, Joseph Bird, among others), to construe the earlier clause as intending a gift to Richard Clifford Whiteing, only to take effect should he be living when the trust fund becomes distributable, viz., at the time of his surviving parent's death, and thus further intending the provision for Nellie's benefit to become effective in the event of his death before such time. If this construction is to be adopted, we must of course go further and examine the later clause. Does the sentence " In the event of my daughter-in-law dying without children," etc., transform her otherwise absolute gift into a life estate? If so, since Nellie was not born in 1869, a suspension of ownership by way of power of appointment for her life is invalid, because such power must be read into and then will become part of the original instrument which created it, and no suspension can be validly directed save for the life of a person in being at the time of executing the instrument which suspends it. This is true equally under New York and English law. Moreover, the construction rests ultimately upon what must be regarded as a New York contract because of the domicile of the trustee and the situs of the trust property. It would, therefore, in case of conflict, be the New York and not the English authorities which control. (*Matter of Harriman*, 124 Misc. 320, and cases cited, opinion by FOLEY, S.; affd., without opinion, 217 App. Div. 733.)

Assuming so much, can the defect be cured, as, for example, by accelerating the provisions in remainder after the death of Nellie so as to take effect at once? Vested remainders are sometimes accelerated after an intermediate life estate, contingent remainders never. (*Kalish* v. *Kalish*, 166 N. Y. 368; *Matter of Hitchcock*, 222 id. 57; *Dana* v. *Murray*, 122 id. 604.) The gift " to my sister's children " is doubly contingent. It is conditioned upon " my daughter-in-law dying without children." The will does not say

" children by my son Richard Clifford," and the Roberts heirs'
contention that it means his children only cannot be sustained,
since she might remarry and leave issue by another husband.
Moreover, the provision in that event for the benefit of the sister's
children appears to mean sister's children living at the date of
Nellie's death — a class impossible of present determination.
Should it be held that the attempt to exercise the power of appoint-
ment has entirely failed, the marriage agreement must be consulted
again. It provides that in such event the principal shall be paid over
at the termination of the trust to Helen Watson Harris' (Whiteing's)
heirs and next of kin. As has already been said, in construing this
agreement the law of New York will control. It follows that when
Mrs. Richard Whiteing died in 1921, her only heir and next of kin
was her son Richard Clifford, even though under the law of England
her husband was by statute (11 Halsbury's Laws of England, 1910,
Descent and Distribution, part 4, ¶ 33, rule No. 1) entitled to all
her property as to which his wife may have died intestate, such as
the property in suit would then be. There are perhaps other
possible constructions, but they do not readily occur to the mind,
would not probably have occurred to the testatrix and would
doubtless be found even more forced and to involve even more
difficulties than those last discussed.

The court is of opinion that under the will of Helen Watson
Whiteing the trust fund in question was appointed to her son
Richard Clifford Whiteing and is now payable to his legal repre-
sentatives; and that the gift over to his wife, Nellie Du Maurier
(Ellen Marie Louise) Whiteing, was to take effect only in case her
husband should predecease the testatrix. The principal cannot
pass direct (as suggested) to Mrs. Richard Clifford Whiteing under
her husband's will, since apart from other possible claims of creditors
against his estate, Federal and New York State taxes may be found
payable. The court will require, in connection with the accounting
which the plaintiff annexes to the complaint and asks to have taken
and stated, that a referee be appointed.

See decision filed herewith.

This motion is reconsidered upon the application of attorneys
for the moving party. Upon the reconsideration the question of
law presented by the pleadings is determined as indicated in the
opinion of the court filed herewith. Settle interlocutory judgment
providing for referee to take and state the account of the trustee.
Proposed findings are not passed upon. Findings are neither
necessary nor permissible in the determination of motions on plead-
ings. (*Lowenthal* v. *Lowenthal*, 157 N. Y. 236; *Eaton* v. *Wells*, 82 id.
576.)