The Chase National Bank, as Trustee under Trust Indentures Dated Respectively January 2, 1926, December 27, 1923, July 19, 1923, and December 31, 1921, and Others, Respondents, v. Brenda Diana Duff Frazier and Others, Appellants, and Yale University and Another, Respondents.— Order and judgment reversed on the law and the facts, with one bill of costs to the appellants, and plaintiff directed to hold the funds in question and distribute them pursuant to the indenture of July 19, 1923, as if the donee of the power had failed to exercise it, and the trustees Usher and Jackson are directed to turn back the property accordingly. (1) The trust indenture and the appointment under the will of Frank Duff Frazier, read together, disclose a violation of the Statute of Perpetuities. (Pers. Prop. Law, § 11; *Matter of Wilcox*, 194 N. Y. 288, 295.) The rule invoked in respect of alternative contingencies, or the so-called " contingency with a double aspect," is not available here, since the instruments construed do not create the alternative contingent trusts sought to be invoked; consequently, the alleged alternative contingencies cannot be brought into being as a matter of interpretation to save what would otherwise be an invalid appointment. (2) The election of Mrs. Henderson to take against the will of the donee rendered nugatory the appointment by the donee, assuming that its validity could be upheld. The donee's will expressly provided that Mrs. Henderson was to take the provisions of the donee's will, which were " for the benefit of my wife * * * in lieu of dower," etc. One of those provisions for the benefit of Mrs. Henderson was the appointment, and it was the only manner in which the donee intended to exercise his power — that is, to make the enjoyment of that appointment a condition of taking any part of his estate. Mrs. Henderson elected to reject and the rejection applied to every provision of the will that was beneficial to her, whether those provisions related to property the title to which vested in her husband, or merely to property over which he had the power of appointment. (*Fiske* v. *Fiske*, 173 Mass. 413.) (3) The jurisdiction to dispose of all these questions of validity and the effect of the acts of the parties vested in the Supreme Court of this State. (*Hutchison* v. *Ross*, 262 N. Y. 381; *Newton* v. *Hunt*, 59 Misc. 633; modfd., 134 App. Div. 325; affd., 201 N. Y. 599; *City Bank Farmers Trust Co.* v. *Whiteing*, 136 Misc. 416; *Matter of Harriman*, 124 id. 320; affd., 217 App. Div. 733; *Bishop* v.

*Bishop*, 257 N. Y. 40, 51; *Farmers' Loan & Trust Co.* v. *Mortimer*, 219 id. 290.) Lazansky, P. J., Carswell and Tompkins, JJ., concur; Young and Hagarty, JJ., concur for reversal upon the second ground stated.