William T. Collins, S.
In respect of the discretionary power to invade principal, the objections of the special guardian are explicitly stated to be directed to the exercise of the discretion by the joint act of the two trustees, including the trustee-beneficiary. He makes no contention that the payments constituted an abuse of discretion. The proof submitted by the corporate fiduciary shows that each request for payment of principal was carefully studied by three different persons and that the decision of the trustee was made independently of the decision of any cotrustee. An officer stated that “[W]here, as here, the trust company has sole decision in questions of discretionary invasion, the opinions of Co-Trustees are not solicited or considered.” The corporate fiduciary assumes full responsibility for its decision. The objection of the special guardian is overruled.
The objections to the annual payments from principal are likewise overruled. The will directs the trustees to pay to the testator’s son such principal sums “as he may, in his sole, absolute and uncontrolled discretion, request or require ”, within certain specified limits. The trustees have no discretion with respect to such payments within the limits fixed by the will. ‘ ‘ In such a case the amount to which the life beneficiary is entitled depends wholly upon his own desires, and the trustee has no discretion to withhold any part of the principal which the life beneficiary requests should be paid to him.” (1 Scott on Trusts [1939 ed.], p. 671.) Section 141 of the Beal Property Law has no application to such payments. The right is given to the son as beneficiary, not as trustee. No rule of public policy prevents a testator from giving such right to a beneficiary.
The compensation of the attorneys for the petitioners will be fixed upon the settlement of the decree. An affidavit of legal services is directed to be filed by them.
Submit decree on notice settling the account accordingly.