George Frankenthaler, S.
The testator’s will created two equal residuary trusts, the first measured on the lives of the testator’s brother Nathan and the latter’s "wife and the second measured on the lives of the testator’s brother Philip and his wife. The will directs that the net income of the first trust he distributed in such proportions and amounts as the trustees may determine among Nathan, his issue and his wife or among one or more of such persons in the discretion of the trustees. The will also empowers the trustees to distribute all or portions of the trust principal in the same manner and grants Nathan *961 the power to appoint any remainder to his wife and issue. In default of the exercise of this power of appointment the remainder is bequeathed to Nathan’s issue and, if there be none, to the issue of the testator’s brother Philip. The scheme of the second trust is identical to the first but the testator’s brother Philip and his family are the beneficiaries, Philip is granted a power to appoint the remainder to his wife and issue and if there be none to the issue of Nathan. The will nominated the two brothers as executors and trustees, they were appointed to these offices and now are accounting in both fiduciary capacities.
The account states that “ the trustees have determined ” tc exercise the discretion granted to them to distribute the trust property to themselves in equal shares and thus terminate the trusts. Section 141 of Beal Property Law provides that a trustee cannot exercise a power to distribute principal to himself but if the power is vested in two trustees, it may be executed by the trustee who is not so disqualified. It is contended on behalf of infants with remainder interests in the trusts that the acts of the trustees in terminating the trusts are contrary to section 141 of the Beal Property Law in that the recited joint exercise of the power of invasion was an ineffectual exercise by each trustee of a power to distribute principal to himself and even if each trustee were to refrain from exercising the power with respect to the trust for his own benefit, their reciprocal acts in each exercising the power for the benefit of the other would be contrary to the intent of the statute.
The facts developed at a hearing on this issue satisfactorily established that the termination of each trust was the independent action of the trustee who was not a beneficiary thereunder and such termination was in conformity with the requirements of section 141 of the Beal Property Law (Matter of Solinger, 4 Misc 2d 79). The fact that the testator created two trusts in the first of which his brother Nathan was disqualified to execute the power of invasion and in the second of which his brother Philip was so disqualified does not compel the conclusion that neither of these persons could execute a power as trustee of the trust in which he was not a beneficiary. There is here no evidence that the execution of the powers was in bad faith or prompted by an ulterior motive. Were there no trustee qualified to execute the power with the result that its execution would devolve upon this court, the facts adduced at the hearing would justify a termination of the trusts by judicial action. The objections of the special guardian are overruled.
Proceed accordingly.