■ FRANK A. VAN SKIVER, Appellant, v. HUGO KUHNE, JR., et al., Respondents.— Appeal from a judgment of the County Court, Fulton County, entered October 14, 1971, which dismissed the complaint in this foreclosure action, canceled the mortgage upon which it was based, and awarded costs to respondent Douglas Kuhne. Respondents, Hugo Kuhne, Jr., and Douglas Kuhne, are the husband and son of the deceased Pearl Kuhne, who by her will, created a life estate in certain properties for Hugo, with Douglas as remainderman. In addition to providing that Hugo should receive the rents and income for life from the property which is the subject of this litigation, the will provided that under certain conditions he could mortgage the property to wit: if the income was insufficient to maintain the premises and if he became sick and unable to work and provide for his own support, care and maintenance; and "in any event upon his reaching age 65". The will further provided that, upon Hugo's death, Douglas would receive the premises, "subject to any mortgage that may be a lien thereon". In May, 1969, when Hugo Kuhne was well past age 65, he executed a $10,000 mortgage to appellant to secure the repayment of a $4,750 loan. No repayment was ever made pursuant to the terms of the mortgage, and after waiting a few months, appellant commenced this foreclosure action. While respondent Hugo Kuhne, Jr., did nothing more than file a notice of appearance, Douglas Kuhne appeared and defended the action. The verified complaint alleged that Hugo Kuhne had executed the mortgage "for the purpose of securing payment to Frank A. Van Skiver of the sum of $10,000.00 with interest thereon" and set forth a repayment schedule which anticipated the repayment of $10,000. Douglas Kuhne interposed three defenses: (1) that Hugo Kuhne had no authority to mortgage the life-estate property; (2) that the execution of the mortgage was done in bad faith, with the intent to destroy his remainderman's interest; and (3) that the transaction was unlawful in that it was usurious. In its decision after a trial, the court found for respondent Douglas Kuhne on all three points and ordered that the complaint be dismissed, that the mortgage be canceled, and that Douglas Kuhne be awarded costs. EPTL 10–10.1 relied on by the court in determining that the mortgage should be canceled, limits the "power conferred upon a person in his capacity as

trustee of an express trust to make discretionary distribution of either principal or income to himself or to make discretionary allocations in his own favor of receipts or expenses as between principal and income ". This provision does not apply in this case because the mortgagor, Hugo Kuhne, Jr., executed the mortgage in his capacity as life tenant, and by the terms of the will, he was granted broad powers of disposition which allow him to do as he pleases, absent bad faith or fraud (*Matter of Britt*, 272 App. Div. 426). Furthermore, while there can be no question that the transaction whereby appellant received a $10,000 mortgage in consideration for a $4,750 loan was usurious (*Toner* v. *Ehrgott*, 226 App. Div. 244), this does not provide a basis for the cancellation of the mortgage, since such affirmative relief without tender of the money owed is strictly limited to the borrower and is not available to one in privity with him (General Obligations Law, § 5–515; *Metz* v. *Gunther*, 14 A D 2d 574). The evidence in the record, including the facts that the $10,000 mortgage was used to secure a $4,750 loan, that appellant's complaint sought a return of the $10,000 face-value of the mortgage and not the $4,750 actually loaned, that the mortgagor, simultaneously with the execution of the mortgage, leased the premises to the mortgagee for three years at $1 per year, and that no effort was made to make any payments on the mortgage, supports the finding that the transaction between appellant and respondent Hugo Kuhne, Jr., was not made in good faith and was an attempt to deprive the remainderman, respondent Douglas Kuhne, of his rightful inheritance under the will of Pearl Kuhne. Because of this bad faith on the part of the appellant mortgagee, equity will preclude foreclosure, and the complaint was correctly dismissed. While a cancellation of the mortgage is unavailable to respondent Douglas Kuhne in this action, he is not precluded from protecting his remainderman's interest by means of an action for waste against the life tenant or an action for other equitable relief, preventative or otherwise, against the life tenant and the mortgagee (see *Swarthout* v. *Ranier*, 143 N. Y. 499; *Murphy* v. *Whitney*, 140 N. Y. 541; *Matter of Frost*, 179 App. Div. 431; *Klein* v. *Klein*, 64 N. Y. S. 2d 96; see 35 N. Y. Jur., Life Estates, Remainders, and Reversions, §§ 147, 170, 180; 46 ALR 2d 502). Judgment modified, on the law and the facts, by striking the second decretal paragraph canceling the mortgage executed by Hugo Kuhne, Jr., and given to Frank A. Van Skiver, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.