ESTATE OF HAZEL McARDLE, DECEASED, PATRICIA POTTER TALBOT, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of McArdle v. Commissioner
Docket No. 15343-80.
United States Tax Court
T.C. Memo 1981-60; 1981 Tax Ct. Memo LEXIS 686; 41 T.C.M. (CCH) 860; T.C.M. (RIA) 81060; February 17, 1981. Richard F. Bush, for the petitioner. Robert B. Marino, for the respondent. FAY
MEMORANDUM OPINION *687 FAY, Judge: Respondent determined a deficiency of $ 75,906.35 in the Federal estate tax of the Estate of Hazel McArdle. After concessions, the only issue is whether the value of a trust over which decedent possessed a power of appointment is includible in her gross estate under section 2041. [1]
All the facts have been stipulated and are found accordingly. Petitioner Patricia Potter Talbotis the duly appointed executrix of the Estate of Hazel McArdle and resided in Kennelon, N.J., when the petition herein was filed. Hazel McArdle (hereinafter decedent) died testate on April 3, 1977, a resident of Kennelon, N.J. By her last will and testament, decedent exercised a power of appointment over a testamentary trust in favor of her daughter, petitioner Patricia Potter Talbot. The trust and decedent's power of appointment over the trust were created under the will of Joseph J. McArdle, decedent's husband, who died on July 14, 1947. Joseph J. McArdle was a resident of New York City, N.Y., at the time of his death. According to Joseph J. McArdle's will the trust *688 was to be administered as follows: As to subdivision "A" I give and bequeath to my Trusteeshereinafter named one-half of my net estate, IN TRUST, nevertheless to invest and keep the same invested, to receive the rents, issues, dividends and profits thereof, and after paying all charges thereon to pay the net income from the trust herein designated "A" to my beloved wife, HAZEL McARDLE, for and during the term of her natural life or until the principal of said trust is exhausted as hereinafter provided. Ifurther direct that my said Trustees pay to my said wife from the principal of said trust fund such sum or sums as she may from time to time direct, in writing, to my said Trustees, but not more frequently than semiannually, provided that the total amount paid to her as aforesaid from both income and principal of said trust fund shall not exceed in any one year the sum of Ten Thousand Dollars ($ 10,000) from the date of decease; it being my intention that she shall receive, in her sole and absolute discretion free from any control over the said amount by the co-trustee appointed herein, a sum not in excess in any one year of the sum of Ten Thousand Dollars ($ 10,000) until said principal *689 fund created hereunder as subdivision "A" is exhausted. Upon the death of my wife, provided she survives me, I direct my Trustee to pay over and distribute so much of the principal of said trust fund, if any, that may remain to and among such person or persons and in such proportions as she may designate by her last will and testament duly admitted to probate. In the absence of any valid disposition thereof by her last will and testament and in the event that she survives me, then the balance of the principal remaining unpaid shall be distributed to and among her next of kin entitled to receive by virtue of the statute of distributions in force in the State of New York at the time of her decease. (Emphasis added.) In summary, the trust terms directed the trustees to pay decedent the net income of the trust and such amounts of trust principal as she demanded. However, the total income and principal paid decedent could not exceed $ 10,000 in any year. The trustees were further directed to pay the trust principal remaining after decedent's death "to and among such persons" as decedent designated in her will. Thus, decedent could direct the disposition of the trust remainder. *690 In the event she failed to do so, the remainder would pass to and among her next of kin according to the New York statute of distributions in effect at the time of her death. Decedent and LawyersTrust Company were named co-trustees of the trust. In his statutory notice of deficiency, respondent determined that the value of the trust, $ 214,858.89, was includible in decedent's gross estate under section 2041. The issue presented is whether the power of appointment decedent held over the trust is a general power of appointment within the meaning of section 2041(b)(1). Section 2041(b)(1) defines a general power of appointment as a power "exercisable in favor of the decedent, his estate, his creditors, or the creditors of his estate." [2] In this case, decedent could appoint the trust remainder to the "persons" she designated in her will. We look to state law to see if "persons" includes decedent, her estate, her creditors, or the creditors of her estate. See Estate of Gilchrist v. Commissioner, 69 T.C. 5 (1977), revd. on another issue 630 F.2d 340 (5th Cir. 1980). If "persons" does include any of those prohibited appointees, decedent possessed a *691 general power of appointment over the trust at the time of her death, and the value of the trust is includible in her gross estate under section 2041. See sec. 2041(a)(2). The parties agree and we find that New York law is the applicable state law governing the administration of Joseph J. McArdle's will. See In re Campbell's Trust, 36 Misc. 2d 108, 232 N.Y.S.2d 522 (Sup. Ct. 1962). In New York, a donor of a power of appointment must make an affirmative expression of any intention to limit the donee's power, or the donee of the power of appointment may appoint to anyone. See Geneva Trust Co. v. Sill, 27 N.Y.S.2d 289 (Sup. Ct. 1941). We find no language in Joseph J. McArdle's will which limits the scope of "persons". In Geneva Trust Co.,supra, a trustee was directed to pay "such persons and in such share, interests and proportions" as a power of appointment holder designated in her will. The court upheld an exercise of the appointment power in favor *692 of the holder's estate concluding that the power was broad and unrestricted. We find no crucial distinguishing factor between this case and Geneva Trust Co., supra. Thus, we conclude that the eligible appointees, "persons", include decedent, her estate, her creditors, or the creditors of her estate. See also In re Hyde's Will, 118 N.Y.S.2d 243 (Surr. Ct. 1953). Nevertheless, petitioner maintains that section 141, New York Real Property Law (McKinney 1945) [hereinafter section 141], which was in effect when Joseph J. McArdle died, prevented decedent from appointing to herself, her estate, her creditors, or the creditors of her estate. Accordingly,petitioner concludes that decedent's power of appointment was not a general power of appointment within the meaning of section 2041. Respondent maintains section 141 did not apply to decedent's power. We agree with respondent. When Joseph J. McArdle died, section 141 provided, in part: A power, vested in a person in his capacity as trustee of an express trust, to distribute principal to himself cannot be exercised by him; if the power is vested in two or more trustees, it may be executed by the trustee *693 or trustees who are not so disqualified; if there is no trustee qualified to execute the power, its execution devolves on the supreme court.[Emphasis added.] Thus, a person who, as trustee, held a power to distribute trust principal to himself could not exercise the power. In Rev. Rul. 54-153, 1954-1 C.B. 185, respondent held that a power unexercisable by the holder because of section 141 was not a general power of appointment within the meaning of section 811(f)(2), I.R.C. 1939, the forerunner of section 2041. Petitioner argues that since decedent was co-trustee of the trust, section 141 precluded her exercise of the power of appointment in favor of any of the section 2041 prohibited appointees and, according to Rev. Rul. 54-153, supra, the power of appointment was not a general one. However, petitioner fails to perceive a crucial difference between the facts presented in that ruling and the facts before us. Rev. Rul. 54-153, supra, involved a decedent who was a co-trustee and lifetime income beneficiary of a trust created under the will of her husband. The will gave the trustees the discretionary power to distribute principal *694 to the decedent. Relying on New York decisions which held that section 141 prevented a trustee-beneficiary from participating in a decision to distribute corpus to herself, the ruling held: In the absence of an indication that the New York courts would construe the statute otherwise, the Internal Revenue Service will accept the view that such trustee is also prevented by the statute from exercising the power to distribute principal to his estate, his creditors, or the creditors of his estate. Rev. Rul. 54-153, supra at 185. A common thread between that ruling and the cases applying section 141 as a bar is that the power affected is held by someone as a trustee. See generally Matter of Estateof Seidman,58 App. Div. 72, 395 N.Y.S.2d 674 (App. Div. 1977); In re Howe's Estate,157 N.Y.S.2d 336 (Surr. Ct. 1956); In re Rachlin's Will,133 N.Y.S.2d 151 (Surr. Ct.1954). [3] By its very terms, section 141 only applied to powers held by a person "in his capacity as trustee". See Looker, Estate and Gift Taxation of Trustees' Powers to Distribute Principal,45 Col. L. Rev. 52 (1945). In In re Solinger's Estate,155 N.Y.S.2d 831 (Surr. Ct. 1956), *695 a will directed trustees to pay a son amounts which the son demanded. The court said: Section 141 of the Real Property Law has no application to such payments. The right is given to the son as beneficiary, not as trustee. No rule of public policy prevents a testator from giving such right to a beneficiary. 155 N.Y.S.2d at 832. See also Van Skiver v. Kuhne,39 App. Div. 2d 811, 332 N.Y.S.2d 525 (App. Div. 1972). In this case, decedent's power of appointment was held by her as an individual, not as a trustee. A careful reading of the applicable provisions of Joseph J. McArdle's will reveals that he clearly referred to decedent as an individual and to decedent as a trustee separately. The will reads, in part, as follows: Upon the death of my wife, provided she survives me, I direct my Trustee to pay over and distribute so much of the principal of said trust fund, if any, *696 that may remain to and among such person or persons and in such proportions as she may designate by her last will and testament duly admitted to probate. Thus, while the trustee was to make the actual distribution of the trust remainder, the beneficiary of the distribution was to be designated by decedent in her capacity as an individual. Section 141 does not apply to decedent's power to appoint the beneficiary. [4]
Since decedent's power to appoint the trust remainder to "persons" gave her the power to appoint such remainder to herself, her estate, her creditors, or the creditors of her estate unfettered by section 141, we conclude that decedent held a general power of appointment over the trust at the time of her death. Therefore, the value of the trust is includible *697 in her gross estate under section 2041. [5]
To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended.↩
2. There are exceptions to the above-quoted definition of a general power of appointment, but none of those exceptions apply in this case. See sec. 2041(b)(1)(A)-(C).↩
3. Current New York Estates, Powers and Trusts Law, sec. 10-10.1 (McKinney 1967), is substantially similar to sec. 141. Some cases cited herein were decided under sec. 10-10.1↩ but do not rest on language different from the language of sec. 141.
4. When decedent exercised her power of appointment there was no possibility that sec. 141 could operate at the trustee level to prevent distribution. Since decedent's power was exercisable only by will, she could not possibly be a trustee at the time of distribution. Accordingly, when speaking of the actual distribution of the trust remainder, Joseph J. McArdle's will refers to only a single "Trustee".↩
5. Petitioner also contends that Joseph J. McArdle's will clearly demonstrates Mr. McArdle's intention that decedent was not to exercise the power of appointment in favor of herself, her estate, her creditors, or the creditors of her estate. After carefully examining Joseph J. McArdle's will, we find that contention to be meritless.↩